■■■ SUSAN S. PILAWA, Respondent, v GAIL K. DALBEY, Appellant, et al., Defendants. [714 NYS2d 165] —Order unanimously

affirmed without costs. Memorandum: Supreme Court properly denied the motion of Gail Koperda Dalbey (defendant) seeking to vacate a default judgment entered against her. Defendant testified at the hearing on the motion that she never received notice of the foreclosure action brought against her. The process server testified that, after several attempts at personal delivery, he affixed a copy of the summons to the front door of defendant's residence and mailed a copy to defendant that same day. The envelope in which the summons was mailed had the proper postage and was addressed to defendant at her residence, but it was returned to the process server with "return to sender" stamped on it. The testimony of the Utica postmaster indicated that the post office had not stamped and returned that envelope and that possibly a third party had done so.

The testimony of the process server established that defendant was properly served pursuant to CPLR 308 (4), and thus defendant was not entitled to vacatur of the default judgment on the ground that the court lacked jurisdiction over her (*see,* CPLR 5015 [a] [4]). In addition, defendant failed to establish that her default was excusable, and thus she was not entitled to vacatur of the default judgment pursuant to CPLR 5015 (a) (1). Defendant contended that she did not have notice of the foreclosure action, but the evidence at the hearing established that she was aware of the action. Finally, defendant was not entitled to relief under CPLR 317. Although she was served with the summons other than by personal delivery, the evidence at the hearing established that she personally received notice of the summons for the foreclosure action (*see, Facey v Heyward,* 244 AD2d 452, 453). Defendant's final contention is improperly raised for the first time on appeal and in any event is without merit. (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Vacate Judgment.) Present—Green, J. P., Hayes, Wisner, Scudder and Lawton, JJ.