■ Ruben Davidoff, Appellant, v East 13th Street Tifereth Place, LLC, Defendant, and Rychik Development Corporation et al., Respondents. [923 NYS2d 886]—

In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated February 24, 2010, which denied his motion, among other things, for leave to renew his opposition to that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against the defendant Sam Rychick, which was granted in an order of the same court dated May 16, 2007.

Ordered that the order dated February 24, 2010, is affirmed, with costs.

The Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew his opposition to that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against the defendant Sam Rychick. "A motion for leave to renew must be 'based upon new facts not offered on the prior motion that would change the prior determination' " (Jackson Hgts. Care Ctr., LLC v Bloch, 39 AD3d 477, 480 [2007], quoting CPLR 2221 [e] [2]; see Prinz v New York State Elec. & Gas, 82 AD3d 1199 [2011]).

"In order for a plaintiff to state a viable claim against a shareholder of a corporation in his or her individual capacity for actions purportedly taken on behalf of the corporation, [the] plaintiff must allege facts that, if proved, indicate that the shareholder exercised complete domination and control over the corporation and 'abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice' " (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 16 NY3d 775, 776 [2011], quoting *Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 142 [1993]; *see Kallman v Pinecrest Modular Homes, Inc.*, 81 AD3d 692, 693 [2011]; *Superior Transcribing Serv., LLC v Paul*, 72 AD3d 675, 676 [2010]). Here, the alleged new facts offered by the plaintiff would not have changed the prior determination (*see Kats v East 13th St. Tifereth Place, LLC*, 73 AD3d 706, 707-708 [2010]).

The plaintiff's remaining contention is without merit. Rivera, J.P., Balkin, Lott and Austin, JJ., concur.