■ ALEXANDER REICH, Respondent, v DWIGHT REDLEY, Appellant, et al., Defendants. [947 NYS2d 564]—

In an action to foreclose a mortgage, the defendant Dwight Redley appeals (1) from an order of the Supreme Court, Kings County (Steinhardt, J.), dated December 9, 2009, which denied his motion to vacate his default in appearing or answering the complaint, and (2), as limited by his brief, from so much of an order of the same court dated August 20, 2010, as denied that branch of his motion which was for leave to renew his prior motion to vacate.

Ordered that the order dated December 9, 2009, is affirmed; and it is further,

Ordered that the order dated August 20, 2010, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly denied the motion of the defendant Dwight Redley to vacate his default in appearing or answering the complaint. Insofar as Redley moved to vacate his default pursuant to CPLR 5015 (a) (4) for lack of jurisdiction, the affidavit of the plaintiff's process server constituted prima facie evidence of proper service pursuant to CPLR 308 (1) (see *Tribeca Lending Corp. v Crawford*, 79 AD3d 1018, 1019 [2010]; *Matter of Perskin v Bassaragh*, 73 AD3d 1073 [2010]; *Scarano v Scarano*, 63 AD3d 716 [2009]). Redley's bare and unsubstantiated denial of service in this case was insufficient to rebut the presumption of proper service created by the plaintiff's duly executed affidavit of service (see *Citimortgage, Inc. v Phillips*, 82 AD3d 1032 [2011]; *Valiotis v Psaroudis*, 78 AD3d 683 [2010]; *Prospect Park Mgt., LLC v Beatty*, 73 AD3d 885 [2010]; *Pezolano v Incorporated City of Glen Cove*, 71 AD3d 970, 971 [2010];

*Sturino v Nino Tripicchio & Son Landscaping*, 65 AD3d 1327 [2009]; *European Am. Bank v Abramoff*, 201 AD2d 611 [1994]). Moreover, insofar as Redley moved also to vacate his default pursuant to CPLR 5015 (a) (1) by demonstrating a reasonable excuse for the default and a potentially meritorious defense (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]), he "failed to establish a reasonable excuse for his default since the only excuse he proffered was that he was not served with process" (*Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 221 [2011]; *see Pezolano v Incorporated City of Glen Cove*, 71 AD3d at 971). As Redley failed to offer a reasonable excuse, "it is unnecessary to consider whether [he] sufficiently demonstrated the existence of a potentially meritorious defense" (*Lane v Smith*, 84 AD3d 746, 748 [2011]).

The Supreme Court also properly denied that branch of Redley's motion which was for leave to renew his motion to vacate his default in appearing or answering, as he failed to offer a reasonable justification for his failure to submit the purported new facts at the time of the prior motion (*see* CPLR 2221 [e] [3]; *Mount Sinai Hosp. v Country Wide Ins. Co.*, 85 AD3d 1136, 1138 [2011]; *Jordan v Yardeny*, 84 AD3d 1172, 1173 [2011]; *Zito v Jastremski*, 84 AD3d 1069, 1071 [2011]). In any event, the new facts would not have changed the prior determination (*see* CPLR 2221 [e] [2]; *Davidoff v East 13th St. Tifereth Place, LLC*, 84 AD3d 1302, 1303 [2011]; *Jordan v Yardeny*, 84 AD3d at 1173; *Zito v Jastremski*, 84 AD3d at 1071). Mastro, A.P.J., Balkin, Chambers and Lott, JJ., concur.