*725 In an action to foreclose a mortgage, the defendant Khouloud Pietranico appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated July 27, 2011, which denied her motion, inter alia, in effect, to vacate her default in appearing or answering the complaint.
Ordered that the order is affirmed, with costs.
The Supreme Court properly denied the motion of the defendant Khouloud Pietranico, inter alia, in effect, to vacate her default in appearing or answering the complaint. To the extent that she moved to vacate her default pursuant to CPLR 5015 (a) (4) for lack of personal jurisdiction due to failure to serve process, the defendant’s bare and unsubstantiated denial of service was insufficient to rebut the presumption of proper service established by the duly executed affidavit of service of the plaintiff’s process server (see Reich v Redley, 96 AD3d 1038 [2012]; Deutsche Bank Natl. Trust Co. v Dixon, 93 AD3d 630 [2012]; US Natl. Bank Assn. v Melton, 90 AD3d 742, 743 [2011]; Citimortgage, Inc. v Phillips, 82 AD3d 1032, 1033 [2011]).
Moreover, insofar as she also sought to vacate her default pursuant to CPLR 5015 (a) (1) by demonstrating a reasonable excuse for the default and a potentially meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; U.S. Bank N.A. v Stewart, 97 AD3d 740 [2012]; Deutsche Bank Natl. Trust Co. v Luden, 91 AD3d 701 [2012]), the defendant failed to establish a reasonable excuse for her default, since the only excuse proffered was that she was not served with process (see Reich v Redley, 96 AD3d at 1038; Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d 216, 221 [2011]; Tadco Constr. Corp. v Allstate Ins. Co., 73 AD3d 1022, 1023 [2010]). Since the defendant failed to demonstrate a reasonable excuse for her default, it is unnecessary to determine whether she demonstrated the existence of a potentially meritorious defense (see U.S. Bank N.A. v Stewart, 97 AD3d at 740; Reich v Redley, 96 AD3d at 1038). Therefore, we express no view as to the Supreme Court’s determinations that the defendant waived the defense of lack of standing and that, in any event, the plaintiff established standing.
The defendant’s remaining contentions either are without merit or have been rendered academic in light of our determination. Angiolillo, J.P., Leventhal, Lott and Austin, JJ., concur. [Prior Case History: 33 Misc 3d 528.]