# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1106

CA 13-00550

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

MARIE M. WRIGHT, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

MICHAEL DENARD, DEFENDANT-RESPONDENT.

---

DIBBLE & MILLER, P.C., ROCHESTER (CRAIG D. CHARTIER OF COUNSEL), FOR PLAINTIFF-APPELLANT.

---

Appeal from an order of the Supreme Court, Monroe County (John J. Ark, J.), entered June 29, 2012 in a breach of contract action. The order granted the motion of defendant to vacate a default judgment and order, and to extend the time in which to serve an answer.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the judgment and order entered on defendant's default is reinstated.

Memorandum: In this breach of contract action, plaintiff appeals from an order granting defendant's motion to vacate the judgment and order entered against him upon his default in answering the complaint and to extend the time in which to serve an answer. We agree with plaintiff that Supreme Court erred in granting defendant's motion. Although defendant did not specify the statutory basis for his motion, we note that it appears that he sought relief pursuant to CPLR 5015 (a) (1) and (4), based on excusable neglect and lack of jurisdiction. Addressing first CPLR 5015 (a) (4), defendant was not entitled to vacatur on the ground that the court lacked jurisdiction over him (*see Pilawa v Dalbey*, 275 AD2d 1035, 1036). The affidavit of plaintiff's process server constituted prima facie evidence that defendant was personally served pursuant to CPLR 308 (1) (*see Reich v Redley*, 96 AD3d 1038, 1038), and defendant failed to rebut the presumption of proper service by providing "specific facts to rebut the statements in the process server's affidavit[]" (*Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d 763, 764 [internal quotation marks omitted]; *see Christiana Bank & Trust Co. v Eichler*, 94 AD3d 1170, 1170-1171). Here, defendant submitted an affidavit in which he averred that he is brown-skinned and balding, not black-skinned and bald as described in the process server's affidavit. Defendant did not, however, dispute the age, height and weight set forth in the affidavit of the process server, and he failed to identify the six-foot tall, more than 200-pound individual who allegedly accepted service at his residence. We thus conclude that defendant's "denial of service in this case was

insufficient to rebut the presumption of proper service created by the plaintiff's duly executed affidavit of service" (*Reich*, 96 AD3d at 1038; *see generally Matter of Nazarian v Monaco Imports*, 255 AD2d 265, 265-266).  To the extent that defendant's motion was based on excusable default pursuant to CPLR 5015 (a) (1), we likewise conclude that he "failed to establish a reasonable excuse for his default [in answering the complaint inasmuch as] the only excuse he proffered was that he was not served with process" (*Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 221; *see Reich*, 96 AD3d at 1039; *see generally Pilawa*, 275 AD2d at 1036).

Entered:  November 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court