■ Ratzi Rabinowitz, Respondent, v Aryeh Rabinowitz, Appellant. [28 NYS3d 70]—

Appeal from an order of the Supreme Court, Kings County (Rachel A. Adams, J.), dated March 19, 2014. The order denied the defendant's motion, inter alia, to vacate a judgment of divorce of the same court (Sarah L. Krauss, J.), entered January 7, 2009, upon his failure to appear or answer.

Ordered that the order is affirmed, with costs.

In February 2003, the plaintiff commenced this action for a divorce and ancillary relief. The defendant never answered or appeared in the action. A two-day inquest to determine issues of equitable distribution and maintenance was conducted in May and June 2007. A decision on inquest was rendered in October 2007. A judgment of divorce was entered January 7, 2009, on the defendant's default. The judgment, inter alia, awarded the plaintiff equitable distribution and maintenance in accordance with the decision on inquest.

The defendant moved pursuant to CPLR 5015 (a) to vacate

the judgment of divorce. He argued that the court lacked personal jurisdiction because he had not been properly served with the summons with notice (*see* CPLR 5015 [a] [4]). He also asserted, inter alia, that the judgment had been procured by fraud (*see* CPLR 5015 [a] [3]).

The Supreme Court denied the defendant's motion. In its determination that the defendant had been properly served, the Supreme Court noted that the defendant listed the divorce action in a bankruptcy petition one business day after the purported date of service. The court also concluded, inter alia, that the allegations of fraud were without merit.

"Under CPLR 5015 (a) (4), a default must be vacated once a movant demonstrates lack of personal jurisdiction" (*Velez v Forcelli*, 125 AD3d 643, 644 [2015]; *see Matter of Anna M. [Adam W.M.—Benjamin L.M.]*, 93 AD3d 671, 673 [2012]). A process server's affidavit of service ordinarily constitutes prima facie evidence of proper service (*see Velez v Forcelli*, 125 AD3d at 644; *Edwards, Angell, Palmer & Dodge, LLP v Gerschman*, 116 AD3d 824, 825 [2014]; *Scarano v Scarano*, 63 AD3d 716, 716 [2009]). " 'Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits' " (*U.S. Bank, N.A. v Arias*, 85 AD3d 1014, 1015 [2011], quoting *Scarano v Scarano*, 63 AD3d at 716 [internal quotation marks and citation omitted]). Thus, an affidavit by the defendant that is conclusory or bare and unsubstantiated is not sufficient to rebut the presumption (*see Deutsche Bank Natl. Trust Co. v Quinones*, 114 AD3d 719, 719 [2014]).

Here, the process server's affidavit constituted prima facie evidence that the defendant was properly served pursuant to CPLR 308 (1), and the defendant failed to rebut the presumption of proper service. Although the defendant correctly argues that his listing of this action in his bankruptcy petition one business day after the date of alleged service does not establish that he was properly served (*see Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 344 [2003]), the Supreme Court's decision was proper because the defendant only set forth conclusory and unsupported assertions in an effort to rebut the presumption of proper service (*see Deutsche Bank Natl. Trust Co. v Quinones*, 114 AD3d at 719). Since the defendant failed to adequately dispute the facts alleged in the affidavit of service (*see Wright v Denard*, 111 AD3d 1330, 1331 [2013]; *cf. NYCTL*

*1998-1 Trust & Bank of N.Y. v Rabinowitz,* 7 AD3d 459, 460 [2004]; *Frankel v Schilling,* 149 AD2d 657, 659 [1989]), he was not entitled to vacatur of his default due to lack of personal jurisdiction.

The defendant also failed to establish the existence of fraud, misrepresentation, or other misconduct by the plaintiff sufficient to entitle him to vacatur of the judgment of divorce (*see* CPLR 5015 [a] [3]; *Bank of N.Y. v Stradford,* 55 AD3d 765, 766 [2008]; *Sieger v Sieger,* 51 AD3d 1004, 1006 [2008]; *Aames Capital Corp. v Davidsohn,* 24 AD3d 474, 475 [2005]). Accordingly, the Supreme Court properly determined that the defendant was not entitled to vacatur of the default under CPLR 5015 (a) (3).

The defendant's remaining contentions are without merit. Balkin, J.P., Roman, Cohen and Maltese, JJ., concur.