■ BANK OF NEW YORK, as Trustee for the Certificate Holders CSWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-7, 400 Countrywide Way, Simi Valley, CA 93065, Respondent, v LEAH KRAUSZ, Appellant, et al., Defendants. [41 NYS3d 84]—

In an action to foreclose a mortgage, the defendant Leah Krausz appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated November 20, 2014, which denied, without a hearing, her motion, in effect, to vacate her default in appearing or answering the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to foreclose a mortgage on certain residential property. The appellant allegedly was personally served with process in May 2008, pursuant to CPLR 308 (1), and failed to appear or answer the complaint. In December 2013, the appellant moved, in effect, to vacate her default in appearing or answering the complaint.

The Supreme Court properly denied the appellant's motion, in effect, to vacate her default. To the extent that the appellant moved to vacate her default pursuant to CPLR 5015 (a) (4) for lack of personal jurisdiction due to failure to serve process, her bare and unsubstantiated denial of service was insufficient to rebut the presumption of proper service established by the duly executed affidavit of service of the plaintiff's process server, or even to require a hearing (*see Deutsche Bank Natl. Trust Co. v Pietranico*, 102 AD3d 724 [2013]; *Reich v Redley*, 96 AD3d 1038 [2012]; *Deutsche Bank Natl. Trust Co. v Dixon*, 93 AD3d 630 [2012]; *US Natl. Bank Assn. v Melton*, 90 AD3d 742, 743 [2011]; *Citimortgage, Inc. v Phillips*, 82 AD3d 1032, 1033 [2011]).

Moreover, insofar as the appellant also sought to vacate her default pursuant to CPLR 5015 (a) (1) by demonstrating a reasonable excuse for the default and a potentially meritorious defense (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *U.S. Bank N.A. v Stewart*, 97 AD3d 740 [2012]; *Deutsche Bank Natl. Trust Co. v Luden*, 91 AD3d 701 [2012]), the appellant failed to establish a reasonable excuse for her default, since the only excuse proffered was that she was not served with process (*see Reich v Redley*, 96 AD3d at 1038; *Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 221 [2011]; *Tadco Constr. Corp. v Allstate Ins. Co.*, 73 AD3d 1022,

1023 [2010]). Since the appellant failed to demonstrate a reasonable excuse for her default, it is unnecessary to determine whether she demonstrated the existence of a potentially meritorious defense (*see U.S. Bank N.A. v Stewart*, 97 AD3d at 740; *Reich v Redley*, 96 AD3d at 1038).

In view of our determination, we need not reach the appellant's remaining contentions. Balkin, J.P., Hall, Cohen and LaSalle, JJ., concur.