HSBC Bank USA, N.A. v Eliyahu (2019 NY Slip Op 02320)





HSBC Bank USA, N.A. v Eliyahu


2019 NY Slip Op 02320


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-09068
 (Index No. 601158/12)

[*1]HSBC Bank USA, National Association, respondent,
v
Shimon Eliyahu, et al., appellants.


Meir Moza (Sweetbaum & Sweetbaum, Lake Success, NY [Joel M. Sweetbaum], of counsel), for appellants.
Kirschenbaum & Phillips, P.C., Farmingdale, NY (Love Ahuja of counsel), for respondent.



DECISION & ORDER
In an action to recover on a business line of credit agreement and a personal guarantee, the defendants appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered July 18, 2017. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 5015(a)(1) and (4) and/or 317 to vacate a judgment of the same court entered November 13, 2012, in favor of the plaintiff and against the defendants in the sum of $107,979.72.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action alleging that the defendant USA Car & Truck Repair of Hempstead, Inc. (hereinafter USA Car & Truck Repair), defaulted in making payments on a business line of credit which was guaranteed by the defendant Shimon Eliyahu. After the defendants defaulted in answering the complaint, judgment was entered on November 13, 2012, in favor of the plaintiff and against the defendants in the sum of $107,979.72. On May 19, 2017, the defendants moved, inter alia, pursuant to CPLR 5015(a)(1) and (4) and/or 317 to vacate the default judgment. The Supreme Court denied that branch of the defendant's motion. The defendants appeal.
Pursuant to CPLR 5015(a)(4), "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order." The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, rendering all subsequent proceedings in the action null and void (see HSBC Bank USA, N.A. v Daniels, 163 AD3d 639, 640; Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889; McMullen v Arnone, 79 AD2d 496, 499).
Here, affidavits of service of the plaintiff's process servers constituted prima facie evidence of proper service on the individual defendant Shimon Eliyahu pursuant to CPLR 308(4) (see HSBC Bank USA, N.A. v Daniels, 163 AD3d at 641; HSBC Mtge. Corp. [USA] v Hollender, [*2]159 AD3d 883, 884; HSBC Bank USA v Desrouilleres, 128 AD3d 1013, 1014) and on the corporate defendant USA Car & Truck Repair pursuant to section 306 of the Business Corporation Law (see CPLR 311[a][1]; Business Corporation Law § 306[b][1]; Konig v Hermitage Ins. Co., 93 AD3d 643, 646; Thas v Dayrich Trading, Inc., 78 AD3d 1163, 1164). Eliyahu's conclusory denial of service was insufficient to rebut the presumption of proper service established by the affidavits of service. Eliyahu failed to swear to specific facts rebutting the statements in the process server's affidavit (see HSBC Bank USA, N.A. v Daniels, 163 AD3d at 641; Wassertheil v Elburg, LLC, 94 AD3d 753, 753; Scarano v Scarano, 63 AD3d at 716). Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' motion which was pursuant to CPLR 5015(a)(4) to vacate the judgment.
A defendant seeking to vacate a default under CPLR 5015(a)(1) must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Hamilton Pub. Relations v Scientivity , LLC, 129 AD3d 1025; New York & Presbyt. Hosp. v American Home Assur. Co., 28 AD3d 442).
Here, the defendants failed to establish a reasonable excuse for their default, since the only excuse proffered was that they were not served with process (see PNC Bank, N.A. v Bannister, 161 AD3d at 1116; Bank of N.Y. v Krausz, 144 AD3d 718, 718; Deutsche Bank Natl. Trust Co. v Pietranico, 102 AD3d 724, 725). Inasmuch as the defendants failed to demonstrate a reasonable excuse for their default, it is unnecessary to determine whether they demonstrated the existence of a potentially meritorious defense (see PNC Bank, N.A. v Bannister, 161 AD3d at 1116; Bank of N.Y. v Krausz, 144 AD3d at 719; Deutsche Bank Natl. Trust Co. v Pietranico, 102 AD3d at 725). Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' motion which was pursuant to CPLR 5015(a)(1) to vacate the judgment.
Pursuant to CPLR 317, "[a] person served with a summons other than by personal delivery to him [or her] or to his [or her] agent for service designated under rule 318, within or without the state, who does not appear may be allowed to defend the action within one year after he [or she] obtains knowledge of entry of the judgment, but in no event more than five years after such entry, upon a finding of the court that he [or she] did not personally receive notice of the summons in time to defend and has a meritorious defense." "[S]ervice on a corporation through delivery of process to the Secretary of State is not personal delivery' to the corporation or to an agent designated under CPLR 318" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 142; see Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc., 83 AD3d 1080, 1081).
Here, the record establishes that the defendants' motion was made more than one year after they obtained knowledge of entry of the judgment (see JPMorgan Chase Bank, N.A. v Russo, 121 AD3d 1048, 1050). Accordingly, we agree with the Supreme Court's denial of that branch of the defendants' motion which was pursuant to CPLR 317 to vacate the judgment.
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court