CP-SRMOF II 2012-A Trust v Turri (2024 NY Slip Op 03165)

CP-SRMOF II 2012-A Trust v Turri

2024 NY Slip Op 03165

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2021-09178
 (Index No. 712736/15)

[*1]CP-SRMOF II 2012-A Trust, etc., respondent,
v
Deborah Turri, et al., defendants, Jermaine Lunsford, appellant.

Cardenas Islam & Associates, PLLC, Jamaica, NY (Barak P. Cardenas of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jermaine Lunsford appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered October 13, 2021. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court (Ernest Hart, J.) entered March 23, 2018, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2015, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Jermaine Lunsford and Deborah Turri. According to the affidavits of the plaintiff's process servers, Turri was personally served with the summons and complaint at the mortgaged premises, and Lunsford was served by delivering copies to Turri, a person of suitable age and discretion at said premises, which was Lunsford's dwelling place, followed by the required mailing to Lunsford at the mortgaged premises. Lunsford did not answer the complaint or appear in the action. On March 8, 2018, the Supreme Court granted the plaintiff's motion for a judgment of foreclosure and sale, and a foreclosure sale was scheduled to be held on May 18, 2018. Thereafter, between May 2018 and August 2019, Turri made several applications by order to show cause seeking, inter alia, to stay the sale of the mortgaged premises. Subsequently, the mortgaged premises was sold on August 9, 2019, pursuant to a rescheduled foreclosure sale.
In July 2020, Lunsford moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction on the basis that he was not properly served with process. In support of his motion, Lunsford submitted his own affidavit, together with affidavits from Turri and two of her relatives, each averring in sum and substance that Turri had not been served, and, thus, the plaintiff had failed to establish personal jurisdiction over Lunsford pursuant to CPLR 308(2). The Supreme Court, among other things, denied those branches of the motion by order entered October 13, 2021. Lunsford appeals.
"The affidavit of a process server constitute[s] prima facie evidence of proper service" (HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945). While "a sworn denial of receipt of service containing specific facts [refuting] the statements in the affidavit of the process server" can rebut that prima facie showing (U.S. Bank, N.A. v Peralta, 142 AD3d 988, 988), "an affidavit by the defendant that is conclusory or bare and unsubstantiated is not sufficient to rebut the presumption" (Rabinowitz v Rabinowitz, 137 AD3d 884, 885; see TBF Fin., LLC v Eagle Tours, LLC, 172 AD3d 1269, 1270).
Here the affidavits of the plaintiff's process servers constituted prima facie evidence that Lunsford was properly served pursuant to CPLR 308(2) (see U.S. Bank Trust, N.A. v Catalano, 215 AD3d 992, 994). Contrary to Lunsford's contention, the affidavits submitted in support of his motion were conclusory and unsubstantiated and, thus, insufficient to rebut the prima facie showing established by the process servers' affidavits (see Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1157). While the affidavits Lunsford submitted identified minor discrepancies in Turri's estimated height and weight, such minor discrepancies were insufficient to rebut the presumption of service (see US Bank, N.A. v Cherubin, 141 AD3d 514, 516). The Supreme Court, therefore, correctly denied those branches of Lunsford's motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him.
In light of our determination, the parties' remaining contentions need not be reached.
BRATHWAITE NELSON, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court