Chondrite Asset Trust v 34 Dr. Corp. (2025 NY Slip Op 04155)

Chondrite Asset Trust v 34 Dr. Corp.

2025 NY Slip Op 04155

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-01895
 (Index No. 607423/21)

[*1]Chondrite Asset Trust, respondent, 
v
34 Drive Corp., appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 34 Drive Corp. appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (David P. Sullivan, J.), entered January 19, 2024. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm a referee's report, denied that defendant's cross-motion pursuant to CPLR 317 and 5015(a)(1) to vacate its default in answering the complaint, and pursuant to CPLR 3012(d) for leave to serve a late answer, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In October 2016, the defendant 34 Drive Corp. (hereinafter 34 Drive) executed a note in the amount of $344,000 in favor of PHMS, LLC (hereinafter PHMS), which was secured by a mortgage on certain real property located in Nassau County. In May 2021, the plaintiff, PHMS's successor in interest, commenced this action to foreclose the mortgage against 34 Drive, among others. According to an affidavit of service of the plaintiff's process server, 34 Drive was served by delivery of the summons and complaint to the Secretary of State on June 15, 2021. 34 Drive failed to answer the complaint.
Subsequently, the plaintiff and 34 Drive entered into two stipulations dated January 27, 2022, and March 17, 2022, respectively, to adjourn the plaintiff's motion for leave to enter a default judgment and for an order of reference. On May 12, 2022, the Supreme Court issued an order of reference. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. 34 Drive opposed the motion and cross-moved pursuant to CPLR 317 and 5015(a)(1) to vacate its default in answering the complaint, and pursuant to CPLR 3012(d) for leave to serve a late answer. In an order and judgment of foreclosure and sale entered January 19, 2024, the court granted the plaintiff's motion, denied 34 Drive's cross-motion, confirmed the referee's report, and directed the sale of the subject property. 34 Drive appeals.
34 Drive failed to demonstrate its entitlement to relief pursuant to CPLR 317. "CPLR [*2]317 permits a defendant who has been served with a summons other than by personal delivery to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a meritorious defense" (Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 724-725; see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141-142). Here, because 34 Drive appeared in the action via the two stipulations of adjournment dated January 27, 2022, and March 17, 2022, respectively, CPLR 317, which applies to a defendant "who does not appear," is not applicable (see JPMorgan Chase Bank, N.A. v Dewar, ____ AD3d ____, 2025 NY Slip Op 03558). In any event, 34 Drive failed to establish that it did not receive actual notice of the summons in time to defend the action pursuant to CPLR 317 (see Capital Source v AKO Med., P.C., 110 AD3d 1026, 1027; Clover M. Barrett, P.C. v Gordon, 90 AD3d 973).
"A defendant seeking to vacate a default in answering a complaint on the basis of excusable default (see CPLR 5015[a][1]) and to compel the plaintiff to accept an untimely answer (see CPLR 3012[d]) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 893; see Wilmington Sav. Fund Socy., FSB v Cabadiana, 230 AD3d 831, 832). Here, 34 Drive was not entitled to relief pursuant to CPLR 5015(a)(1) and 3012(d), as it failed to demonstrate a reasonable excuse for its default (see Wilmington Sav. Fund Socy., FSB v Cabadiana, 230 AD3d at 832; Bank of N.Y. v Krausz, 144 AD3d 718).
In light of our determination, it is unnecessary to determine whether 34 Drive demonstrated the existence of a potentially meritorious defense for purposes of either CPLR 317 or 5015(a)(1) (see Wilmington Sav. Fund Socy., FSB v Cabadiana, 230 AD3d at 832-833).
Accordingly, the Supreme Court properly denied 34 Drive's cross-motion pursuant to CPLR 317 and 5015(a)(1) to vacate its default in answering the complaint, and pursuant to CPLR 3012(d) for leave to serve a late answer.
The Supreme Court also properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Pennymac Corp. v Pryce, 211 AD3d 1029, 1030 [internal quotation marks omitted]). "The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute" (Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1310; see Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1236-1237). Here, contrary to 34 Drive's contention, the referee's computations were substantially supported by the record and, thus, the court properly confirmed the referee's report (see Nationstar Mtge., LLC v Hassanzadeh, 228 AD3d 948, 951; cf. Bank of Am., N.A. v Gonzalez, 219 AD3d 433, 436).
GENOVESI, J.P., WARHIT, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court