HSBC Bank USA, National Association, as Trustee under Pooling and Servicing Agreement Dated as of April 1, 2007, SG Mortgage Securities Trust 2007-NC1 Asset-Backed Certificates, Series 2007-NC1, Appellant, v Kurtis Miller et al., Defendants, and Antonia Dawson et al., Respondents. [995 NYS2d 197]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated November 2, 2012, which granted those branches of the motion of the defendant Sewajo Dawson which were, in effect, pursuant to CPLR 5015 (a) (1) and (4) to vacate so much of a judgment of foreclosure and sale as was entered against him upon his failure to appear or answer the complaint and those branches of the separate motion of the defendant Antonia Dawson which were pursuant to CPLR 5015 (a) (3) to vacate so much of the same judgment of foreclosure and sale as was

entered against her upon her failure to answer the complaint and pursuant to CPLR 602 (a) to consolidate this action with an action entitled *Dawson v Nora*, pending in the Supreme Court, Kings County, under index No. 21496/07.

Ordered that the order is reversed, on the law and the facts, with one bill of costs payable to the plaintiff by the defendants Antonia Dawson and Sewajo Dawson, those branches of the motion of the defendant Sewajo Dawson which were, in effect, pursuant to CPLR 5015 (a) (1) and (4) to vacate so much of the judgment of foreclosure and sale as was entered against him upon his failure to appear or answer the complaint are denied, that branch of the separate motion of the defendant Antonia Dawson which was pursuant to CPLR 5015 (a) (3) to vacate so much of the judgment of foreclosure and sale as was entered against her upon her failure to answer the complaint is denied, that branch of the separate motion of the defendant Antonia Dawson which was pursuant to CPLR 602 (a) to consolidate this action with the action entitled *Dawson v Nora*, pending in the Supreme Court, Kings County, under index No. 21496/07, is denied as academic, and the judgment of foreclosure and sale is reinstated.

When a defendant seeking to vacate a default judgment raises both a jurisdictional objection pursuant to CPLR 5015 (a) (4) and seeks a discretionary vacatur pursuant to CPLR 5015 (a) (1), "the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015 (a) (1)" (*Canelas v Flores*, 112 AD3d 871, 871 [2013]; *see Roberts v Anka*, 45 AD3d 752 [2007]). Here, the defendant Sewajo Dawson (hereinafter Sewajo) failed to allege specific facts to rebut the statements in the affidavit of the plaintiff's process server and, thus, did not rebut the plaintiff's prima facie showing that he was validly served with process pursuant to CPLR 308 (2) (*see Bank of N.Y. v Samuels*, 107 AD3d 653, 653-654 [2013]). Therefore, the Supreme Court should have denied that branch of Sewajo's motion which was pursuant to CPLR 5015 (a) (4) to vacate so much of the judgment of foreclosure and sale as was entered against him upon his failure to appear or answer the complaint.

The Supreme Court also should have denied that branch Sewajo's motion which was pursuant to CPLR 5015 (a) (1) to vacate so much of the judgment of foreclosure and sale as was entered against him. This branch of Sewajo's motion was made more than one year after service upon him of a copy of the judgment, with notice of its entry (*see* CPLR 5015 [a]). While the Supreme Court has the inherent authority to vacate a judgment

in the interest of justice even after the statutory one-year period has lapsed, here, Sewajo failed to provide a reasonable excuse for his delay in moving to vacate the judgment pursuant to CPLR 5015 (a) (1) (*see Matter of Weintrob v Weintrob*, 87 AD3d 749, 750 [2011]; *Santiago v Honcrat*, 79 AD3d 847, 848 [2010]; *State of New York v Kama*, 267 AD2d 225 [1999]). In any event, Sewajo failed to establish a reasonable excuse for his default in failing to appear or answer the complaint, since the only excuse he offered was that he was not served with process (*see Bank of N.Y. v Samuels*, 107 AD3d at 654; *Reich v Redley*, 96 AD3d 1038, 1039 [2012]). In light of the foregoing, we need not address whether Sewajo established the existence of a potentially meritorious defense (*see Reich v Redley*, 96 AD3d at 1039).

That branch of the separate motion of the defendant Antonia Dawson (hereinafter Antonia) which was pursuant to CPLR 5015 (a) (3) to vacate so much of the judgment of foreclosure and sale as was entered against her upon her failure to answer the complaint should have been denied, as she did not make the motion within a reasonable time (*see Empire State Conglomerates v Mahbur*, 105 AD3d 898, 899 [2013]). In any event, Antonia failed to establish that the judgment of foreclosure and sale was procured by fraud, misrepresentation, or other misconduct (*see Tribeca Lending Corp. v Crawford*, 79 AD3d 1018, 1020 [2010]).

In light of the foregoing, the issue of whether this action should have been consolidated with an action entitled *Dawson v Nora*, pending in the Supreme Court, Kings County, under index No. 21496/07, has been rendered academic. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.