■ E*TRADE BANK, Respondent, v ALFREDO VASQUEZ, Appellant, et al., Defendants. [7 NYS3d 285]—

In an action to foreclose a mortgage, the defendant Alfredo Vasquez appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated December 11, 2012, which denied his motion, inter alia, pursuant to CPLR 5015 (a) (1) and (4) to vacate a judgment of foreclosure and sale of the same court entered April 27, 2012, upon his failure to answer the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to foreclose on a mortgage. Thereafter, the plaintiff obtained a judgment of foreclosure and sale against the defendant Alfredo Vasquez upon Vasquez's failure to answer the complaint. Vasquez moved, inter alia, pursuant to CPLR 5015 (a) (1) and (4) to vacate the judgment of foreclosure and sale. The Supreme Court denied his motion.

When a defendant seeking to vacate a default judgment raises both a jurisdictional objection pursuant to CPLR 5015 (a) (4) and seeks a discretionary vacatur pursuant to CPLR 5015 (a) (1), "the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant

a discretionary vacatur of the default under CPLR 5015 (a) (1)" (*Canelas v Flores*, 112 AD3d 871, 871 [2013]; *see HSBC Bank USA, N.A. v Miller*, 121 AD3d 1044, 1045 [2014]; *Roberts v Anka*, 45 AD3d 752, 753 [2007]). Here, the process server's affidavit of service constituted prima facie evidence that Vasquez was validly served with process pursuant to CPLR 308 (2), and Vasquez's submissions in support of his motion did not rebut the plaintiff's prima facie showing (*see HSBC Bank USA, N.A. v Miller*, 121 AD3d at 1045; *Bank of N.Y. v Samuels*, 107 AD3d 653, 653-654 [2013]). Accordingly, the Supreme Court properly denied that branch of Vasquez's motion which was pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale that was entered against him upon his failure to answer the complaint.

The Supreme Court also properly denied that branch of Vasquez's motion which was pursuant to CPLR 5015 (a) (1), as he failed to establish a reasonable excuse for his default (*see HSBC Bank USA, N.A. v Miller*, 121 AD3d at 1045-1046; *Bank of N.Y. v Samuels*, 107 AD3d 653 [2013]; *HSBC Bank, USA v Dammond*, 59 AD3d 679, 680 [2009]). In light of the foregoing, we need not address the issue of whether the appellant established the existence of a potentially meritorious defense (*see HSBC Bank USA, N.A. v Miller*, 121 AD3d at 1046).

In light of our determination, it is unnecessary to reach Vasquez's remaining contentions. Balkin, J.P., Hall, Miller and Duffy, JJ., concur.