■ ANA FALVO, as Executrix of ROMOLO GUISEPPE FALVO, Deceased, Respondent, v ROSSELLA FALVO CERRA, Appellant. [6 NYS3d 643]—

In an action, inter alia, to impose a constructive trust on certain real property, the defendant appeals from an order of the Supreme Court, Queens County (Lane, J.), dated July 25, 2013, which (a) denied her motion pursuant to CPLR 5015 (a) to vacate a judgment of the same court dated August 3, 2012 (Shulman, J.), entered upon her failure to appear or answer the complaint, inter alia, directing the imposition of a constructive trust upon the subject property, and (b) sua sponte directed the assessment of costs, fees, and sanctions against her pursuant to 22 NYCRR 130-1.1 (a).

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated July 25, 2013, as, sua sponte, directed the assessment of costs, fees, and sanctions against the plaintiff pursuant to 22 NYCRR 130-1.1 (a) is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 5015 (a) to vacate the judgment dated August 3, 2012, is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The defendant established that the Supreme Court did not acquire personal jurisdiction over her. Therefore, "all subsequent proceedings [were] thereby rendered null and void" (*Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 897 [2013], quoting *Krisilas v Mount Sinai Hosp.*, 63 AD3d 887, 889 [2009]), and the default judgment entered against her was "a nullity" (*Prudence v Wright*, 94 AD3d 1073, 1074 [2012]; *Segway of N.Y., Inc. v Udit Group, Inc.*, 120 AD3d 789, 792 [2014]; *see Krisilas v Mount Sinai Hosp.*, 63 AD3d 887, 889 [2009]). Accordingly, the defendant demonstrated her entitlement to vacatur of the August 3, 2012, default judgment based on lack of jurisdiction (*see* CPLR 5015 [a] [4]; *Segway of N.Y., Inc. v Udit Group, Inc.*, 120 AD3d at 791-792).

Where a defendant seeking to vacate a default judgment raises both a jurisdictional objection pursuant to CPLR 5015 (a) (4) and alternatively seeks a discretionary vacatur pursuant to CPLR 5015 (a) (1), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015 (a) (1) (*see Canelas v Flores*, 112 AD3d 871 [2013]; *Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d at 897). In light of our determination of the jurisdictional issue, we need not reach the defendant's contention regarding a discretionary

vacatur pursuant to CPLR 5015 (a) (1), nor do we exercise our discretion to address the defendant's contention that the default judgment should be vacated based on evidence of fraud or misrepresentation (*see* CPLR 5015 [a] [3]).

The record shows that the defendant did not engage in frivolous or otherwise sanctionable conduct (*see* 22 NYCRR 130-1.1 [c]). Accordingly, the Supreme Court erred in, inter alia, sua sponte sanctioning her. Mastro, J.P., Rivera, Dickerson and Maltese, JJ., concur.

---

Motion by the respondent to dismiss an appeal from an order of the Supreme Court, Queens County, dated July 25, 2013, on the grounds that this Court has no jurisdiction to hear the appeal and that no appeal lies from an order denying a motion for leave to reargue. By decision and order on motion of this Court dated December 30, 2013, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is,

Ordered that the motion is denied. Mastro, J.P., Rivera, Dickerson and Maltese, JJ., concur.