■ COMMUNITY WEST BANK, N.A., Formerly Known as GOLETA NATIONAL BANK, Respondent, v CHERYL STEPHEN, Also Known as CHERYL RAMEAU, et al., Appellants, et al., Defendants. [9 NYS3d 275]—

In an action, inter alia, to foreclose a mortgage, the defendants Cheryl Stephen and Monica Joseph appeal from an order of the Supreme Court, Kings County (Ash, J.), dated June 10, 2013, which denied their motion pursuant to CPLR 5015 (a) (1) and (4) to vacate a judgment of foreclosure and sale dated January 15, 2013, entered upon their default in appearing and

answering the complaint, and, thereupon, to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

This action was commenced by filing a summons and complaint dated March 5, 2009. The defendants Cheryl Stephen and Monica Joseph (hereinafter together the moving defendants), failed to timely appear or answer. A judgment of foreclosure and sale was entered upon the moving defendants' default. The moving defendants thereafter moved to vacate the judgment pursuant to CPLR 5015 (a) (1) and (4), and, thereupon, to dismiss the complaint insofar as asserted against them. The Supreme Court denied their motion.

"When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015 (a) (4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015 (a) (1)" (*Canelas v Flores*, 112 AD3d 871, 871 [2013]; *see HSBC Bank USA, N.A. v Miller*, 121 AD3d 1044, 1045 [2014]). Here, the affidavit of the plaintiff's process server constituted prima facie evidence of proper service pursuant to CPLR 308 (1) (*see Deutsche Bank Natl. Trust Co. v Quinones*, 114 AD3d 719, 719 [2014]; *Loaiza v Guzman*, 111 AD3d 608, 609 [2013]; *Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]). The only evidence submitted by the moving defendants to rebut the process server's affidavit was an affidavit in which Joseph stated that she "was never served with a summons or complaint in the instant action." This bare and unsubstantiated denial of service lacked the factual specificity and detail required to rebut the prima facie proof of proper service set forth in the affidavit of service (*see Deutsche Bank Natl. Trust Co. v Quinones*, 114 AD3d at 719; *U.S. Bank N.A. v Tate*, 102 AD3d 859, 859-860 [2013]; *ACT Props., LLC v Garcia*, 102 AD3d 712, 713 [2013]).

Furthermore, insofar as the moving defendants moved pursuant to CPLR 5015 (a) (1) to vacate their default, they failed to establish a reasonable excuse for their default, since the only excuse they proffered was that Joseph was not served with process (*see HSBC Bank USA, N.A. v Miller*, 121 AD3d at 1046; *Bank of N.Y. v Samuels*, 107 AD3d 653, 654 [2013]; *Reich v Redley*, 96 AD3d 1038, 1039 [2012]). The absence of a reasonable excuse for the default renders it unnecessary to determine whether the moving defendants demonstrated the existence of a potentially meritorious defense (*see HSBC Bank USA, N.A. v Miller*, 121 AD3d at 1046; *Citimortgage, Inc. v Bustamante*, 107 AD3d at 753; *Reich v Redley*, 96 AD3d at 1039).

Accordingly, the Supreme Court properly denied the moving defendants' motion pursuant to CPLR 5015 (a) (1) and (4) to vacate the judgment of foreclosure and sale, and, thereupon, to dismiss the complaint insofar as asserted against them. Chambers, J.P., Hall, Cohen and Miller, JJ., concur.