New Century Financial Services, Inc., as Assignee of Citibank, Respondent,
against
Louise Thomas, Appellant.




Louise Thomas, Appellant pro se.
Kirschenbaum, Phillips & Levy, P.C. (Harpreet K. Singh, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered June 9, 2014. The order denied defendant's motion to vacate a default judgment of the same court entered October 8, 2003 upon defendant's failure to appear or answer the complaint. The appeal from the order entered June 9, 2014 brings up for review so much of an order of the same court entered October 30, 2015 as, upon, in effect, renewal, adhered to the determination in the order entered June 9, 2014 (see CPLR 5517 [b]).




ORDERED that the appeal from the order entered June 9, 2014 is dismissed, as that order was superseded by the order entered October 30, 2015, made upon, in effect, renewal; and it is further,
ORDERED that the order entered October 30, 2015, insofar as reviewed, is reversed, without costs, and, upon, in effect, renewal, defendant's motion to vacate the default judgment is granted to the extent of setting the matter down for a traverse hearing to determine whether personal jurisdiction was properly obtained over defendant.
Plaintiff commenced this consumer credit transaction action in October 2002 to recover damages for unpaid credit card charges. Defendant failed to appear or answer. Thereafter, on October 8, 2003, a default judgment in the sum of $8,716.32 was entered against defendant. In January 2014, defendant moved by order to show cause (OSC) to vacate the default judgment, which motion was subsequently withdrawn. In February 2014, defendant filed a second OSC seeking to vacate the default judgment. In her affidavit in support of the motion, defendant stated, among other things, that she had never received the summons and complaint, and that she had not been able to review the affidavit of service for the summons and complaint because the Civil Court file had been archived, and she had been informed that it would take a few months before the file was available. Plaintiff opposed the motion. By order entered June 9, 2014, the Civil Court denied defendant's motion "w/o prejudice to defendant's plenary action based on the issues raised in the moving papers & other relevant claims for return of the garnished funds."
In September 2015, defendant submitted a third OSC seeking to vacate the default [*2]judgment on the grounds that the court lacked personal jurisdiction (CPLR 5015 [a] [4]) and that she had a reasonable excuse for her default inasmuch as she had never received the summons and complaint. In an affidavit in support of the motion, defendant stated that the affidavit of service for the summons and complaint states that the documents had been served on an "Ann Thomas," who was supposedly a relative of defendant, at defendant's address, on October 14, 2002, and that, on October 15, 2002, the documents had been mailed to her, however, she does not have a relative named "Ann Thomas" and had never received the documents in the mail. By order dated October 27, 2015, the Civil Court denied defendant's motion. We treat this last motion by defendant as, in effect, a motion for leave to renew her prior motion based on defendant's receipt of the affidavit of service, which had previously been in an archived file to which defendant did not have access (see Foley v Roche, 68 AD2d 558, 567-568 [1979]).
It is well established that a process server's sworn affidavit of service constitutes prima facie evidence of proper service (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719 [2014]; Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343 [2003]). However, where, as here, a defendant's sworn statement denying receipt of service contains "specific facts to rebut the statements in the process server's affidavit[ ]" (Simonds v Grobman, 277 AD2d 369, 370 [2000]), a traverse hearing is necessary in order to determine whether service of process was properly effectuated pursuant to CPLR 308 (2) (see Wells Fargo Bank, N.A. v Final Touch Interiors, LLC, 112 AD3d 813 [2013]; Wells Fargo Bank, N.A. v Christie, 83 AD3d 824 [2011]).
However, should the Civil Court determine, following the traverse hearing, that personal jurisdiction was properly obtained over defendant, defendant's motion to vacate the default judgment must be denied, since we further find that the conclusory allegations contained in defendant's affidavit failed to establish her entitlement to relief pursuant to CPLR 5015 (a) (1) inasmuch as they did not set forth a meritorious defense to the action.
Accordingly, the order entered October 30, 2015, insofar as reviewed, is reversed and, upon, in effect, renewal, defendant's motion to vacate the default judgment is granted to the extent of setting the matter down for a traverse hearing to determine whether personal jurisdiction was properly obtained over defendant.
SOLOMON and ELLIOT, JJ., concur.
WESTON, J.P., dissents in part and concurs in part, and votes to dismiss the appeal from the order entered June 9, 2014 and affirm the order entered October 20, 2015, insofar as reviewed, in the following memorandum:
To hold a traverse hearing, under the particular circumstances of this case, seems unjust considering the 15 years that have passed since service of process occurred, and considering defendant's delay in promptly seeking to vacate the default. "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing" (Skyline Agency v Coppotelli, Inc., 117 AD2d 135, 139 [1986]), no hearing is required where a defendant makes bare and unsubstantiated assertions (see Community W. Bank, N.A. v Stephen, 127 AD3d 1008, 1009 [2015]). In my opinion, defendant's affidavit is insufficient. Here, defendant has failed to allege specific facts to rebut the statements in the affidavit of service. Defendant does not contend that the address was incorrect or that she does not know anyone fitting the description of the person of suitable age and discretion alleged to have been served and, thus, did not rebut the prima facie [*3]showing that she was validly served with process (see HSBC Bank USA, N.A. v Miller, 121 AD3d 1044, 1045 [2014]).
Moreover, CPLR "5015 (a) makes clear that the motion court's determination to vacate a judgment is a discretionary one. It may relieve' a litigant from a judgment upon such terms as may be just' " (Nash v Port Auth. of NY & N.J., 22 NY3d 220, 225—226 [2013]). The court should consider "the facts of the particular case, the equities affecting each party and others affected by the judgment or order, and the grounds for the requested relief" (id. at 226). As acknowledged by the majority, defendant's affidavit is conclusory and fails to set forth a meritorious defense to the action. Weighing all of the relevant factors, I find that defendant is not entitled to vacatur.
Therefore, the Civil Court did not abuse its discretion by denying defendant's motion to vacate the default judgment.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 20, 2017