Itshaik v Singh (2018 NY Slip Op 06888)





Itshaik v Singh


2018 NY Slip Op 06888


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2016-09921
 (Index No. 514619/15)

[*1]Amit Itshaik, appellant, 
v
Thomas Dhinsa Singh, respondent, et al., defendant.


William Pager, Brooklyn, NY, for appellant.
Morris, Duffy, Alonso & Faley, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernadette Bayne, J.), dated September 15, 2016. The order granted the motion of the defendant Thomas Dhinsa Singh to vacate a prior order of the same court dated July 11, 2016, granting the plaintiff's unopposed motion for leave to enter a judgment upon his default in appearing or answering, and for leave to serve a late answer.
ORDERED that the order dated September 15, 2016, is affirmed, with costs.
On November 5, 2015, the plaintiff allegedly was injured when he was struck by a motor vehicle near the intersection of Indiana Place and National Drive in Brooklyn. On December 2, 2015, the plaintiff commenced this action to recover damages for personal injuries. The plaintiff alleged in the complaint that the vehicle that was involved in the accident was owned by the defendant Thomas Dhinsa Singh (hereinafter the defendant). The complaint was accompanied by an affidavit from the plaintiff's process server, which stated that the defendant had been served on December 31, 2015, by leaving a copy of the summons and complaint with "Tony Singh, Relative," a person of suitable age and discretion, at an apartment on West End Avenue in Manhattan. The process server stated in the affidavit that she had mailed an additional copy of the summons and complaint to that address on January 5, 2016.
In June 2016, the plaintiff moved for leave to enter a default judgment. In an affidavit submitted in support of the motion, the plaintiff stated that the accident occurred in the street in front of his home in Brooklyn when he was struck by a vehicle owned by his "neighbor." The plaintiff did not allege that the police were called to the scene, or that an accident report was prepared. In an order dated July 11, 2016, the Supreme Court granted the plaintiff's unopposed motion.
In August 2016, the defendant moved to vacate the order dated July 11, 2016, and for leave to serve a late answer. In support of the motion, the defendant and his mother submitted affidavits stating that they had moved from the apartment on West End Avenue, which was owned by the defendant's mother, to National Drive in April 2015, and that the West End Avenue apartment had remained vacant since the time of their move. They further stated that they did not have any male relatives named Tony Singh, or any relative who fit the description provided in the affidavit [*2]of service. The defendant also stated that he had operated his vehicle on Indiana Place on the date of the alleged accident, but that there had been no contact between his vehicle and the plaintiff, or any pedestrian or vehicle.
In an affirmation in opposition to the motion, the plaintiff's attorney stated that he had obtained the defendant's address by obtaining an "Insurance Activity Expansion" report from the New York State Department of Motor Vehicles (hereinafter the DMV) on November 9, 2015. The report showed that on the date of the report the subject vehicle was owned by the defendant, and the address listed for the defendant was the apartment on West End Avenue in Manhattan. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
"When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (Canelas v Flores, 112 AD3d 871, 871; see Community W. Bank, N.A. v Stephen, 127 AD3d 1008, 1009; HSBC Bank USA, N.A. v Miller, 121 AD3d 1044, 1045). A defendant moving to vacate a judgment entered upon his or her default in appearing or answering the complaint on the ground of lack of personal jurisdiction "is not required to demonstrate a reasonable excuse for the default and a potentially meritorious defense" (Prudence v Wright, 94 AD3d 1073, 1073; see Falvo v Cerra, 127 AD3d 919, 920). "[T]he failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889 [internal quotation marks omitted]).
Here, through his submissions, the defendant established that the Supreme Court did not acquire personal jurisdiction over him (see CPLR 5015[a][4]). The plaintiff contends that the defendant was estopped from challenging service upon him at the West End Avenue address pursuant to Vehicle and Traffic Law § 505(5), which requires that every motor vehicle licensee notify the Commissioner of the DMV of any change in residence within 10 days of the change and make a notation of such change of residence on the license. However, under the circumstances of this case, where the defendant did not provide the West End Avenue address at the time of the accident, where the record does not contain a DMV driver's abstract for the defendant, and where the plaintiff identified the motor vehicle allegedly involved in this accident as belonging to a neighbor, the plaintiff's contention is without merit (cf. Canelas v Flores, 112 AD3d at 871-872). Accordingly, we agree with the Supreme Court's granting of the defendant's motion to vacate the order dated July 11, 2016, and for leave to serve a late answer, based on lack of jurisdiction (see CPLR 5015[a][4]; Falvo v Cerra, 127 AD3d at 920).
In light of our determination of the jurisdictional issue, we need not reach the parties' contentions regarding a discretionary vacatur pursuant to CPLR 5015(a)(1). Moreover, the parties' contentions regarding CPLR 317, which were not raised before the Supreme Court, are not properly before this Court.
AUSTIN, J.P., ROMAN, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court