U.S. Bank N.A. v Langner (2019 NY Slip Op 00492)





U.S. Bank N.A. v Langner


2019 NY Slip Op 00492


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-02264
 (Index No. 505091/13)

[*1]U.S. Bank National Association, etc., appellant,
v
Reuven Langner, respondent, et al., defendants.


RAS Boriskin, LLC, Westbury, NY (Jason W. Creech of counsel), for appellant.
Eli S. Fixler, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated December 21, 2015. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Reuven Langner and for an order of reference, and granted that defendant's cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Reuven Langner and for an order of reference are granted, and that defendant's cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him is denied.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Reuven Langner (hereinafter the defendant). On October 13, 2014, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. In support of its motion, the plaintiff submitted, among other things, the note, the mortgage, and an affidavit of a representative of the servicer of the subject loan, who stated that the defendant was in default. The plaintiff further submitted an affidavit of a process server. The process server averred, in relevant part, that he served the defendant by delivering a copy of the summons and complaint on a person of suitable age and discretion, who identified himself only as "Mr. (refused first name) Langner," at 406 Avenue I, Brooklyn, New York, on September 23, 2013, at 5:07 p.m. The process server further averred that "[t]hat person was also asked by deponent whether said premises was the defendant's dwelling place/usual place of abode and the reply was affirmative." On September 27, 2013, the process server mailed a copy of the summons and complaint to the defendant at the same address, which had previously been confirmed by the postmaster to be the defendant's mailing address.
The defendant attempted to serve a late answer on October 22, 2014—more than one year after the alleged service of the complaint—but the plaintiff rejected it. The defendant then cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground that he was not properly served pursuant to CPLR 308(2). In support, the defendant [*2]submitted a statement, affirmed before a person in Israel acting in the capacity of a notary, in which the defendant stated that the premises where the alleged service occurred were his mother's residence, that he had not lived there for the past 20 years, and that he resided in Israel at the time the alleged service was made.
In an order dated December 21, 2015, the Supreme Court denied the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference, and granted the defendant's cross motion to dismiss the complaint insofar as asserted against him. The plaintiff appeals.
The Supreme Court should not have granted the defendant's cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him. "Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). "[W]here there is a sworn denial that a defendant was served with process, the affidavit of service is rebutted, and the plaintiff must establish jurisdiction at a hearing by a preponderance of the evidence." (id. at 589).
Here, the process server's affidavit established, prima facie, that service was validly made pursuant to CPLR 308(2) (see E*Trade Bank v Vasquez, 126 AD3d 933, 934). The affirmation submitted by the defendant in support of his cross motion failed to rebut the process server's affidavit because the affirmation was not in admissible form. "[A]ny person who, for religious or other reasons, wishes to use an affirmation as an alternative to a sworn statement may do so," but such affirmation "must be made before a notary public or other authorized official," and the affirmant must "be answerable for the crime of perjury should he make a false statement" (Slavenberg Corp. v Opus Apparel, 53 NY2d 799, 801 n). Furthermore, an affirmation from a person physically located outside the geographic boundaries of the United States must comply with the additional formalities of CPLR 2309(c), and must, in substance, affirm that the statement is true under the penalties of perjury under the laws of New York (see CPLR 2106[b]). While the defendant's identity was verified by an authorized official in Israel acting in the capacity of a notary, the affirmation itself failed to indicate that the statements made therein were true under the penalties of perjury. Therefore, the affirmation was without probative value, and the Supreme Court should have denied the defendant's cross motion to dismiss the complaint insofar as asserted against him.
Further, the Supreme Court should have granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference. The plaintiff demonstrated its entitlement to a default judgment and an order of reference by producing, inter alia, the mortgage, the unpaid note, and evidence of default (see Loancare v Carter, 139 AD3d 817, 818).
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court