West Coast Servicing, Inc. v Yusupova (2019 NY Slip Op 03401)





West Coast Servicing, Inc. v Yusupova


2019 NY Slip Op 03401


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-11686
 (Index No. 1385/15)

[*1]West Coast Servicing, Inc., respondent, 
v
Zarina Yusupova, appellant, et al., defendants.


Anderson, Bowman & Zalewski, PLLC, Kew Gardens, NY (Matthew J. Routh of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Zarina Yusupova appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 5, 2017. The order denied that defendant's motion, in effect, pursuant to CPLR 5015(a)(1) and (4) to vacate a judgment of foreclosure and sale of the same court entered November 29, 2016, upon her failure to appear or answer the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Zarina Yusupova (hereinafter the defendant). According to the affidavit of service, the defendant was personally served with copies of the summons and complaint at her place of business on March 12, 2015. The defendant neither answered the complaint nor appeared in this action.
On November 29, 2016, the Supreme Court entered a judgment of foreclosure and sale. Thereafter, the defendant moved, in effect, pursuant to CPLR 5015(a)(1) and (4) to vacate the judgment of foreclosure and sale. In an order entered September 5, 2017, the court denied the defendant's motion. The defendant appeals.
"When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4) and also seeks a discretionary vacatur pursuant to CPLR 5015(a)(1), a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1047; see E*Trade Bank v Vazquez, 126 AD3d 933, 933-934; Emigrant Mtge. Co. v Westervelt, 105 AD3d 896, 897).
"To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945; see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776; Mahovec v Svoboda, 120 AD3d 772, 773). "While bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing" (Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985 [*2][citations omitted]; see Engel v Boymelgreen, 80 AD3d 653, 654; Associates First Capital Corp. v Wiggins, 75 AD3d 614; City of New York v Miller, 72 AD3d 726, 727).
Here, the affidavit of the plaintiff's process server constituted prima facie evidence of proper service pursuant to CPLR 308(1) (see Community W. Bank, N.A. v Stephen, 127 AD3d 1008; U.S. Bank N.A. v Hasan, 126 AD3d 683, 684; Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719). Contrary to the defendant's contention, her "bare and unsubstantiated denial of service lacked the factual specificity and detail required to rebut the prima facie proof of proper service set forth in [the] affidavit of service" (Deutsche Bank Nat. Trust Co. v Quinones, 114 AD3d at 719; see Citimortgage, Inc. v Bustamante, 107 AD3d 752, 753; Citimortgage, Inc. v Phillips, 82 AD3d 1032, 1033).
To the extent that the defendant sought to vacate her default pursuant to CPLR 5015(a)(1), she failed to establish a reasonable excuse for her default, since the only excuse proffered was that she was not served with process (see Deutsche Bank Natl. Trust Co. v Pietranico, 102 AD3d 724). Since the defendant failed to establish a reasonable excuse for her default, it is unnecessary to determine whether she sufficiently demonstrated a potentially meritorious defense (see HSBC Bank USA, N.A. v Daniels, 163 AD3d 639, 641; Nationstar Mtge., LLC v McLean, 140 AD3d 1131, 1132; HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 863-864).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion, in effect, pursuant to CPLR 5015(a)(1) and (4) to vacate the judgment of foreclosure and sale.
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court