■ SAMUEL KIRSCHENBAUM, Respondent, v UBALDO GIANELLI et al., Appellants.—Appeal from an order of the County Court of Sullivan County, entered November 17, 1977, which affirmed a judgment of the Justice Court of the Town of Delaware, granting petitioner's application to recover possession of real property. On July 15, 1975, the First National Bank of Jeffersonville obtained a judgment of foreclosure and sale against the premises of defendant, Ubaldo Gianelli, as a result of his failure to pay principal and interest due upon its mortgage in the sum of $7,000. Prior to the sale of the property, defendant Gianelli consulted with plaintiff, attempting to obtain financial assistance. Subsequently, plaintiff induced the bank to adjourn the sale, giving his personal assurance that its position would be taken over before the adjourned date if defendant Gianelli had not yet found financial backing to take over the mortgage. When it later became evident that defendant Gianelli was unable to obtain such backing, plaintiff paid the bank the amount due, took an assignment of the mortgage, and continued the foreclosure action against defendant Gianelli, apparently without objection from the latter. The foreclosure sale was held on August 16, 1976, with defendant Gianelli present, at which time plaintiff was awarded the property upon his $500 bid. Plaintiff brought no immediate action for eviction, apparently believing that defendant Gianelli would buy back the property through monthly payments. Finally, In June, 1977, when no such payments were forthcoming, defendants were served with a notice to quit, followed by summary proceedings in the Justice Court, Town of Delaware, to recover the possession of the property pursuant to article 7 of the Real Property Actions and Proceedings Law. Defendants were served with the notice of petition and petition on August 2, 1977. Section 743 of the Real Property Actions and Proceedings Law provides that if the notice of petition is served at least eight days before the time at which it was noticed to be heard and it so demands, the answer shall be made at least three days before the petition is noticed to be heard. The parties adjourned the matter to August 25. Despite plaintiff's demand in the notice of petition, the defendants made no

answer at all, but instead, moved on August 25 to dismiss pursuant to CPLR 3211 (subd [a], par 2), alleging that an issue of title existed and that the Justice Court lacked subject matter jurisdiction over that issue. The only affidavit in support of this motion was furnished by the defendants' attorney upon information and belief. When the motion was denied, defendants unsuccessfully sought an extension of time to answer. On appeal to County Court the judgment was affirmed. We reject defendants' contention that the Justice Court was divested of its subject matter jurisdiction over the case simply because an issue of title was raised as a defense. Subdivision 2 of section 747 of the Real Property Actions and Proceedings Law specifically provides that the judgment of a court of limited jurisdiction shall not bar an action for "affirmative equitable relief" which has been barred from the summary proceeding because of the court's limited jurisdiction. There is no merit to defendants' contention that even if the Justice Court was not divested of its jurisdiction, the court erred in refusing to grant defendants an extension of time to responsively plead to the petition. A responsive pleading was required at least three days prior to the time the petition was noticed to be heard. Although the motion to dismiss under CPLR 3211 (subd [a], par 2) could be timely made after the time to answer had expired, interposition of this motion cannot be used as a subterfuge to extend the time to answer after a default. If this motion had been made within the time to answer, then defendants would have been entitled to a 10-day extension to answer under CPLR 3211 (subd [f]). The Justice Court was not under a duty to extend the time to answer in this case since the motion was made after expiration of the period for response. Consequently, Justice Court correctly denied defendants an extension of time to serve a responsive pleading. Order affirmed, without costs. Greenblott, J. P., Sweeney, Larkin, Mikoll and Herlihy, JJ., concur.