■ MINNA H. WENZ, Respondent-Appellant, v WENDELL SMITH, Appellant-Respondent. — In an action to recover damages, *inter alia,* for fraud and conversion and for a declaratory judgment that a certain conveyance of real property was null and void, defendant appeals from an order of the Supreme Court, Queens County (Goldstein, J.), dated November 16, 1982, which denied his motion to dismiss plaintiff's first cause of action pursuant to CPLR 3211 (subd [a], par 1), and plaintiff appeals from an order of the same court (Giaccio, J.), dated April 9, 1983, which denied her motion for leave to enter a default judgment and granted defendant's cross motion to compel plaintiff to accept his pleadings. ¶ Order dated November 16, 1982 affirmed. ¶ Order dated April 9, 1983 reversed, on the law, motion for leave to enter a default judgment granted, and cross motion denied. ¶ Plaintiff is awarded one bill of costs.

¶ Defendant's time to serve an answer expired in April, 1982. However, defendant did not appear in this action until he moved, by notice of motion dated October 28, 1982, to dismiss plaintiff's first cause of action pursuant to CPLR 3211 (subd [a], par 1) based on a defense founded on documentary evidence. Special Term denied that motion without opinion. Subsequently, on or about November 26, 1982, defendant served an answer on plaintiff. This answer was rejected by plaintiff's attorneys as untimely served. On or about December 1, 1982, defendant served plaintiff with an amended answer and counterclaim. This pleading was similarly rejected. Thereafter, by notice of motion dated December 8, 1982, plaintiff moved for leave to enter a default judgment and, by notice of motion dated the following day, defendant cross-moved for an order directing plaintiff to accept his answer and amended answer. Special Term denied plaintiff's motion and granted defendant's cross motion, holding that, pursuant to CPLR 3211 (subd [f]), defendant's earlier motion to dismiss extended defendant's time to answer until 10 days after service of notice of entry of the order ruling on the motion. ¶ CPLR 3211 (subd [e]) provides that a motion to dismiss under CPLR 3211 (subd [a]) must be made before service of a responsive pleading is required. Pursuant to CPLR 3211 (subd [f]), service of a motion to dismiss "before service of a pleading responsive to the cause of action or defense sought to be dismissed extends the time to serve the pleading until ten days after service of notice of entry of the order". A motion to dismiss pursuant to CPLR 3211 will extend the time in which a defendant may serve a responsive pleading only if the motion is made before that pleading was originally due and will not operate to relieve a party's default in pleading (see *Kirschenbaum v Gianelli,* 63 AD2d 1057; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.49, citing 1 NY Adv Comm Rep 87 [1957]). In this case, defendant's motion to dismiss was made more than six months after the time to answer had expired. Special Term, therefore, properly denied the motion[*] and, accordingly, that order is affirmed. ¶ However, the order denying plaintiff's motion and granting defendant's cross motion must be reversed. Because the motion to dismiss was untimely made, Special Term erred in holding that it effected an extension of defendant's time to plead. Moreover, despite defendant's lengthy delay in appearing in this action, in opposing plaintiff's motion for leave to enter a default judgment, he did not submit an affidavit of merit or proffer a reasonable excuse for his default. Although defendant argues that a letter from his attorneys to plaintiff's attorneys, dated October 20, 1982, was a *de facto* stipulation extending his time to answer, this assertion is without merit. That letter merely reflects a willingness on plaintiff's part to refrain from entering a default judgment for 10 days and does not in any way indicate an agreement to extend defendant's time to answer. This court will not ascribe an intent to plaintiff that is not expressly reflected in the letter (see *Columbia Broadcasting System v Roskin Distrs.,* 31 AD2d 22, affd 28 NY2d 559). Moreover, the letter could not, in any event, be binding on plaintiff insofar as it was not signed by her or her attorney (CPLR 2104). In light of the foregoing, Special Term erred in not granting plaintiff's motion for leave to enter a default judgment. ¶ We have examined defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Bracken, Weinstein and Lawrence, JJ., concur.

---

[*] Moreover, we note that the documentary evidence proffered by defendant did not, in any event, demonstrate that a defense based on documentary evidence existed as to all the relief demanded in plaintiff's first cause of action.