■ In the Matter of J. ERIC KING, Respondent, v CEI, INC., Doing Business as CROSSING CUSTOM CLEANERS, Appellant. [676 NYS2d 271] —Peters, J. Appeal from an order of the County Court of Saratoga County (Scarano, Jr., J.), entered August 28, 1997, which, in a proceeding pursuant to RPAPL article 7, affirmed an order of the Town Court of the Town of Clifton Park in favor of petitioner.

Pursuant to the terms of a lease between these parties, respondent was notified, by certified letter dated March 17, 1997, that it was in default of its obligation to pay rent. Therein, it was advised that the "[f]ailure to cure this default within 10 days of receipt of this notice will prompt [petitioner] to exercise any and all of its options as outlined within the Lease Agreement". The return receipt from such letter evinces delivery on March 18, 1997, signed for by an agent of respondent. With the continued failure to cure the default, respondent was sent a certified letter dated April 18, 1997 entitled "three-day notice to vacate for non-payment of rent", receipt of which was acknowledged.

This proceeding was thereafter commenced seeking possession of the premises. The notice of petition and petition were served on May 13, 1997, eight days prior to the return date of May 21, 1997. On such return date, the parties appeared in the Town Court of the Town of Clifton Park wherein respondent contended that it had served its answer to the petition on May 16, 1997. With petitioner denying ever having received such answer and respondent having failed to present proof of service, respondent proffered the answer to the court wherein it asserted, as affirmative defenses, *inter alia*, the lack of a proper 10-day notice or demand for payment and therefore a lack of jurisdiction by the court. Judgment was thereafter awarded in favor of petitioner, affirmed upon appeal to County Court. Respondent appeals.

We find that petitioner provided respondent with the requisite notice pursuant to their lease agreement and that, notwithstanding the proper commencement of this proceeding pursuant to RPAPL article 7, respondent failed to timely answer. Upon this basis and the judicial mandate that there be strict compliance with statutory requisites to confer jurisdiction (*see generally*, *Perrotta v Western Regional Off-Track Betting Corp.*, 98 AD2d 1), we find no basis upon which to challenge the jurisdiction exercised (*see*, *Kirschenbaum v Gianelli*, 63 AD2d 1057).

As to respondent's further challenge to the grant of petitioner's application without first conducting a trial as required by RPAPL 745, we find that despite respondent's default, County Court reviewed respondent's answer and correctly assessed the failure to raise any triable issue of fact (*see*, RPAPL 745). Accordingly, there was no basis to hold a hearing and, therefore, no basis upon which we would disturb the determination rendered.

Cardona, P. J., White, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.