■ ULTIMATE ONE DISTRIBUTING CORP., Appellant, v 2900 STILLWELL AVENUE, LLC, Respondent, et al., Defendants. [36 NYS3d 142]—

In an action, inter alia, to set aside a transfer of real property as a fraudulent conveyance under the Debtor and Creditor Law, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated April 14, 2015, as in effect, granted that branch of the motion of the defendant 2900 Stillwell Avenue, LLC, which was pursuant to CPLR 3012 (d) to extend the time for it to appear in the action, and granted that branch of that defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the motion of the defendant 2900 Stillwell Avenue, LLC, which was pursuant to CPLR 3012 (d) to extend the time for it to appear in the action is denied, and that branch of that defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it is denied.

CPLR 3012 (d) provides that "[u]pon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default." The showing of reasonable excuse that a defendant must establish to be entitled to relief under CPLR 3012 (d) is the same as that which a defendant must make to be entitled to vacate a default judgment (*see Gershman v Ahmad*, 131 AD3d 1104, 1105 [2015]; *Citimortgage, Inc. v Stover*, 124 AD3d 575 [2015]; *Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 226 [2011]). Here, personal jurisdiction was obtained over the defendant 2900 Stillwell Avenue, LLC (hereinafter the defendant), by personal delivery of copies of the summons and complaint to the Secretary of State (*see* Limited Liability Company Law § 303). The defendant failed to establish a reasonable excuse for its delay in appearing in the action, as the mere denial by its member of receipt of a copy of the summons and complaint was insufficient to rebut the presumption of proper service on the Secretary of State raised

by the affidavit of service (*see Xiao Lou Li v China Cheung Gee Realty, LLC*, 139 AD3d 724, 726 [2016]; *Chichester v Alal-Amin Grocery & Halal Meat*, 100 AD3d 820 [2012]; *Sussman v Jo-Sta Realty Corp.*, 99 AD3d 787, 788 [2012]). " 'If the [defendant] failed to actually receive a copy of the summons and complaint from the Secretary of State due to a change of address, it was due to its own fault as it failed to keep the Secretary of State advised [of] its current address for the forwarding of process' " (*Sussman v Jo-Sta Realty Corp.*, 99 AD3d at 788, quoting *Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc.*, 29 AD3d 893, 894 [2006]). Although the defendant did not cite to CPLR 317 in support of its motion, this Court may consider CPLR 317 as a basis for vacating the default (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138 [1986]). However, the defendant's mere denial of receipt of the summons and complaint is also insufficient to establish lack of actual notice of the action in time to defend for purposes of CPLR 317 (*see Xiao Lou Li v China Cheung Gee Realty, LLC*, 139 AD3d 724, 726 [2016]; *Capital Source v AKO Med., P.C.*, 110 AD3d 1026, 1027 [2013]; *Wassertheil v Elburg, LLC*, 94 AD3d 753, 754 [2012]; *Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d 1080, 1081 [2011]).

Accordingly, the Supreme Court improvidently exercised its discretion by, in effect, granting the branch of the defendant's motion which was pursuant to CPLR 3012 (d) to extend the time for it to appear in the action. Since the defendant's preanswer motion to dismiss was made after the time to appear or answer had expired, the Supreme Court should have denied the defendant's motion to dismiss as untimely (*see Wenz v Smith*, 100 AD2d 585, 586 [1984]). Balkin, J.P., Hall, Barros and Connolly, JJ., concur.