■ Sofiya Goldfarb, Respondent, v Oleg N. Zhukov, Defendant, and Second Home Social Adult Day Care Center of 86th Street, LLC, Appellant. [43 NYS3d 135]—

In an action to recover damages for personal injuries, the defendant Second Home Social Adult Day Care Center of 86th

Street, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated July 1, 2015, as denied that branch of its motion which was pursuant to CPLR 5015 (a) to vacate an order of the same court (Baynes, J.), dated February 4, 2015, granting the plaintiff's unopposed motion for leave to enter a default judgment against it on the issue of liability, upon its failure to answer the complaint.

Ordered that the order dated July 1, 2015, is affirmed insofar as appealed from, with costs.

"A defendant seeking to vacate a default in appearing or answering pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action" (*Sussman v Jo-Sta Realty Corp.*, 99 AD3d 787, 788 [2012]; *see Clover M. Barrett, P.C. v Gordon*, 90 AD3d 973 [2011]). Here, the defendant Second Home Social Adult Day Care Center of 86th Street, LLC (hereinafter the defendant), did not contend that the address that it had on file with the Secretary of State was incorrect and, therefore, its mere denial of receipt of the summons and complaint, without more, was insufficient to demonstrate a reasonable excuse for its default (*see* Limited Liability Company Law § 303 [a]; *Xiao Lou Li v China Cheung Gee Realty, LLC*, 139 AD3d 724, 725 [2016]; *Hamilton Pub. Relations v Scientivity, LLC*, 129 AD3d 1025 [2015]; *see also Ultimate One Distrib. Corp. v 2900 Stillwell Ave., LLC*, 140 AD3d 1054 [2016]).

Although the defendant did not cite to CPLR 317 in support of its motion, under the circumstances of this case, this Court may also treat it as a motion made pursuant to CPLR 317 as a basis for vacating the default (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 142-143 [1986]). CPLR 317 permits a defendant who has been served with a summons other than by personal delivery to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d at 141-142; *Schacker Real Estate Corp. v 553 Burnside Ave., LLC*, 133 AD3d 586, 587 [2015]; *Gershman v Midtown Moving & Stor., Inc.*, 123 AD3d 974, 975 [2014]). The mere denial of receipt of the summons and complaint is not sufficient to establish lack of actual notice of the action in time to defend for the purpose of CPLR 317 (*see Ultimate One Distrib. Corp. v 2900 Stillwell Ave., LLC*, 140 AD3d at 1054-1055; *Xiao Lou Li v China Cheung Gee Realty*,

139 AD3d at 725; *Hamilton Pub. Relations v Scientivity, LLC*, 129 AD3d at 1025). In light of our determination, it is not necessary to determine whether the defendant demonstrated the existence of a potentially meritorious defense for purposes of either CPLR 5015 (a) (1) or 317.

Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to vacate the order dated February 4, 2015. Rivera, J.P., Austin, Roman and Connolly, JJ., concur.