Stevens v Stepanski (2018 NY Slip Op 05954)





Stevens v Stepanski


2018 NY Slip Op 05954


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-06037
 (Index No. 2568/13)

[*1]John Stevens, respondent, 
v
Judith Stepanski, et al., defendants, Greenville Inn, Inc., appellant.


Jones Law, P.C., Florida, NY (Douglas M. Jones of counsel), for appellant.
Jacoby & Meyers, LLP, Newburgh, NY (James W. Shuttleworth III of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Greenville Inn, Inc., appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated April 11, 2016. The order, insofar as appealed from, denied that branch of the motion of the defendant Greenville Inn, Inc., which was pursuant to CPLR 317 to vacate a judgment of the same court dated June 1, 2015, entered upon its failure to appear or answer the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 25, 2013, the plaintiff commenced this action against Greenville Inn, Inc. (hereinafter Greenville), among others, to recover damages for personal injuries. On March 27, 2013, the plaintiff served Greenville by delivering a copy of the summons and complaint to the Secretary of State pursuant to Business Corporation Law § 306. Greenville's address on file with the Secretary of State was "The Greenville Inn, Inc., James Delaney, 980 US Highway 6, Port Jervis, NY 12771." The summons and complaint were sent to that address by the Secretary of State by certified mail, return receipt requested, but the mailing was returned as "unclaimed."
By letter dated June 4, 2013, sent by first-class mail to Greenville's address on file with the Secretary of State, the plaintiff's attorney forwarded a copy of the summons and complaint to Greenville, requested that Greenville notify its insurance carrier of the claim, and advised that if Greenville failed to answer the complaint within 20 days, the plaintiff would move to hold it in default.
In September 2013, the plaintiff moved for leave to enter a default judgment against Greenville. By order dated October 31, 2013, the Supreme Court awarded the plaintiff a default judgment as to Greenville on the issue of liability. On November 13, 2013, the plaintiff mailed Greenville a copy of the order dated October 31, 2013, with notice of entry.
On February 10, 2015, the Supreme Court conducted an inquest, and rendered a decision dated March 16, 2015, finding that the plaintiff was entitled to damages in the principal sum of $775,000. On April 14, 2015, the plaintiff served Greenville, by first-class mail, with a copy of the decision after inquest at its address on file with the Secretary of State. On June 1, 2015, the [*2]Orange County Clerk entered a money judgment in favor of the plaintiff and against Greenville.
By order to show cause dated February 3, 2016, Greenville moved to vacate the judgment, inter alia, pursuant to CPLR 317. In support of the motion, Greenville submitted the affidavit of its two shareholders: James Delaney, its president/secretary, and William Alford, its vice president/treasurer. Delaney and Alford averred that they had no knowledge of the action until December 5, 2015, when the plaintiff served Delaney with an information subpoena, and that Greenville was open for business and operating on March 27, 2013, when the summons and complaint were served through the Secretary of State. Further, Delaney and Alford each averred, without providing any other detail, "I do not know why the Certified Mail sent from the New York Secretary of State was returned as unclaimed.'"
The Supreme Court denied Greenville's motion, finding that Greenville's shareholders failed to explain why they did not receive the summons and complaint at an address they conceded was correct, and why they did not receive and respond to any of the other correspondence from the plaintiff during the course of the litigation. Greenville appeals, and we affirm.
CPLR 317 permits a defendant who has been served with a summons other than by personal delivery to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 724-725). "[S]ervice on a corporation through delivery of process to the Secretary of State is not personal delivery' to the corporation" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 142). "The mere denial of receipt of the summons and complaint is not sufficient to establish lack of actual notice of the action in time to defend for the purpose of CPLR 317" (Goldfarb v Zhukov, 145 AD3d 757, 758; see Ultimate One Distrib. Corp. v 2900 Stillwell Ave., LLC, 140 AD3d 1054, 1055). Whether to grant relief pursuant to CPLR 317 is discretionary (see Goldfarb v Zhukov, 145 AD3d at 759), and relief may be denied "where, for example, a defendant's failure to personally receive notice of the summons was a result of a deliberate attempt to avoid such notice" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 143).
Here, Greenville did not contend that the address it kept on file with the Secretary of State was incorrect, and its shareholders effectively claimed ignorance as to why the summons and complaint were "unclaimed," without offering any details as to how Greenville ordinarily received mail at that address. Further, Greenville offered no explanation as to why it did not receive any of the other correspondence from the plaintiff, all of which were sent to the same address. Under these circumstances, Greenville's conclusory and unsubstantiated denial of service of the certified mailing card and other correspondence from the plaintiff was insufficient to establish that it did not have actual notice of the action in time to defend (see Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d at 725-726; see also Moran v Grand Slam Ventures, LLC, 160 AD3d 944). Although the return of a summons and complaint to the Secretary of State as "unclaimed" may be sufficient to warrant a hearing on the issue of whether a defendant had notice of the action in time to defend (see Drillman v Marsam Realty 13th Ave., LLC, 129 AD3d 903, 903-904), here, Greenville's failure to offer any details as to why it did not receive the certified mailing card or any of the other correspondence from the plaintiff during the pendency of the action was insufficient to raise a triable issue of fact warranting a hearing (see Baez v Ende Realty Corp., 78 AD3d 576, 576; see also Clover M. Barrett, P.C. v Gordon, 90 AD3d 973, 973-974). In light of the foregoing, it is unnecessary to determine whether Greenville demonstrated the existence of a potentially meritorious defense (see Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d at 726).
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of Greenville's motion which was to vacate its default pursuant to CPLR 317.
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court