Deutsche Bank Natl. Trust Co. v Benitez (2020 NY Slip Op 00400)





Deutsche Bank Natl. Trust Co. v Benitez


2020 NY Slip Op 00400


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-01288 
2017-05876
 (Index No. 11163/09)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Ana Benitez, et al., appellants, et al., defendants.


Christopher Thompson, West Islip, NY, for appellants.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas and John Ricciardi of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, (1) the defendants Ana Benitez and Edwin Hernandez appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 28, 2016, and (2) the defendant Ana Benitez appeals from an order of the same court entered May 3, 2017. The order entered October 28, 2016, denied the motion of the defendants Ana Benitez and Edwin Hernandez pursuant to CPLR 317 and 5015(a)(1), (3), and (4) to vacate a judgment of foreclosure and sale of the same court entered May 14, 2015, upon their failure to appear or answer the complaint, and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them or, in the alternative, pursuant to CPLR 3012(d) to compel the plaintiff to accept their late answer. The order entered May 3, 2017, denied those defendants' motion for leave to reargue their prior motion.
ORDERED that the appeal from the order entered May 3, 2017, is dismissed, as no appeal lies from an order denying reargument (see Viola v Blanco, 1 AD3d 506, 507; Matter of Robinson, 30 AD2d 702); and it is further,
ORDERED that the order entered October 28, 2016, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against Ana Benitez and Edwin Hernandez (hereinafter together the defendants), among others, to foreclose a mortgage encumbering certain property in Hempstead. The defendants were allegedly served at the mortgaged premises pursuant to CPLR 308(2), and they failed to answer the complaint or appear in the action.
On May 14, 2015, the Supreme Court entered a judgment of foreclosure and sale, inter alia, directing the sale of the subject property. Thereafter, the defendants moved, among other things, pursuant to CPLR 317 and 5015(a)(1), (3), and (4) to vacate the judgment of foreclosure and sale, and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them or, in [*2]the alternative, pursuant to CPLR 3012(d) to compel the plaintiff to accept their late answer. In an order entered October 28, 2016, the court denied the motion. The defendants appeal.
"The burden of proving that personal jurisdiction has been acquired over a defendant . . . rests with the plaintiff" (JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1185; see Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). "A process server's affidavit of service constitutes prima facie evidence of proper service" (JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d at 1186; see US Bank N.A. v Ramos, 153 AD3d 882, 884). "In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service'" (JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d at 1186, quoting Washington Mut. Bank v Huggins, 140 AD3d 858, 859; see Machovec v Svoboda, 120 AD3d 772, 773-774).
Contrary to the defendants' contention, their affidavits failed to raise a question of fact sufficient to warrant a hearing on the validity of service of process. The plaintiff's process server averred, inter alia, that he delivered the summons and complaint to a person named Eduardo Benitez, a person of suitable age and discretion, and provided a description of that person. In their respective affidavits, the defendants each averred that the person allegedly served, i.e., Eduardo Benitez, or a person matching the description set forth in the process server's affidavit, did not live at the subject premises. However, there is no requirement under CPLR 308(2) that the subject person of suitable age and discretion reside at the premises. Further, the defendants did not deny that a nonresident with the name Eduardo Benitez or matching the description of the person allegedly served received the summons and complaint, or that a copy of the summons and complaint had been mailed to them at the subject property. Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendants' motion which was pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale. Since the defendants failed to demonstrate lack of personal jurisdiction, we also agree with the court's determination to deny that branch of their motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
"CPLR 317 permits a defendant who has been served with a summons other than by personal delivery to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense" (Goldfarb v Zhukov, 145 AD3d 757, 758; see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141-142). However, the defendants' "mere denial of receipt of the summons and complaint is not sufficient to establish lack of actual notice of the action in time to defend for the purpose of CPLR 317" (Goldfarb v Zhukov, 145 AD3d at 758; see Ultimate One Distrib. Corp. v 2900 Stillwell Ave., LLC, 140 AD3d 1054, 1054-1055).
A defendant seeking to vacate a default in answering a complaint on the basis of excusable default (see CPLR 5015[a][1]) and to compel the plaintiff to accept an untimely answer (see CPLR 3012[d]) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see US Bank N.A. v Dedomenico, 162 AD3d 962, 964). The defendants failed to establish a reasonable excuse for their default since the only excuse proffered was that they were not served with process (see Bank of N.Y. v Krausz, 144 AD3d 718, 718; Reich v Redley, 96 AD3d 1038, 1038). Since the defendants failed to demonstrate a reasonable excuse for their default, it is unnecessary to determine whether they demonstrated the existence of a potentially meritorious defense (see Bank of N.Y. v Krausz, 144 AD3d at 718; U.S. Bank N.A v Stewart, 97 AD3d 740, 740; Reich v Redley, 96 AD3d at 1038).
Accordingly, we agree with the Supreme Court's determination to deny those branches of the defendants' motion which were pursuant to CPLR 317 and 5015(a)(1) to vacate the judgment of foreclosure and sale, and to compel the plaintiff to accept their late answer pursuant to CPLR 3012(d).
We also agree with the Supreme Court's determination to deny that branch of the defendants' motion which was pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure [*3]and sale, as the defendants did not submit any evidence establishing fraud, misrepresentation, or other misconduct by the plaintiff.
DILLON, J.P., MALTESE, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court