Barnett v Diamond Fin. Co., Inc. (2022 NY Slip Op 00648)





Barnett v Diamond Fin. Co., Inc.


2022 NY Slip Op 00648


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.


2018-00053
 (Index No. 514544/15)

[*1]Eugenie J. Barnett, respondent,
v
Diamond Finance Company, Inc., appellant.
 DECISION & ORDER Motion by the appellant, inter alia, to recall and vacate a decision and order of this Court dated October 21, 2020 (187 AD3d 974), which determined an appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated October 20, 2017. Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is ORDERED that the motion is granted, the decision and order of this Court dated October 21, 2020, is recalled and vacated, and the following decision and order is substituted therefor:

Weinberg, Gross & Pergament LLP, Garden City, NY (Seth M. Choset of counsel), for appellant.
Levi Huebner & Associates P.C., Brooklyn, NY (Levi Huebner of counsel), for respondent.
In an action, inter alia, to recover damages for fraud and conversion, the defendant appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated October 20, 2017. The order denied the defendant's motion, inter alia, pursuant to CPLR 5015(a) and CPLR 317 to vacate its default, and, in effect, pursuant to CPLR 3215(a) to vacate a clerk's judgment entered February 1, 2016, which is in favor of the plaintiff and against it in the total sum of $32,694.52. Justice Christopher has been substituted for former Justice Cohen (see 22 NYCRR 1250.1[b])
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was, in effect, pursuant to CPLR 3215(a) to vacate the clerk's judgment, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for an inquest on damages and for the entry of an appropriate judgment thereafter.
In November 2015, the plaintiff commenced this action and, upon the defendant's failure to appear after being served, obtained a default judgment against the defendant. In February 2016, a clerk's judgment was entered in favor of the plaintiff and against the defendant in the total sum of $32,694.52. Thereafter, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) and [*2]CPLR 317 to vacate its default and, in effect, pursuant to CPLR 3215(a), to vacate the clerk's judgment. In an order dated October 20, 2017, the Supreme Court denied the defendant's motion. The defendant appeals.
A defendant seeking to vacate a default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense (see US Bank N.A. v Dedomenico, 162 AD3d 962, 964). A motion to vacate a default judgment pursuant to CPLR 5015(a)(1) on the ground of excusable default must be made within one year after service upon the moving party of a copy of the judgment, with notice of its entry (see CPLR 5015[a][1]). We agree with the Supreme Court's determination that the defendant is not entitled to vacate its default pursuant to CPLR 5015(a)(1). Here, the defendant's motion to vacate the clerk's judgment was untimely, as it was made more than one year after the clerk's judgment with notice of entry was served upon it, and the defendant also failed to establish a reasonable excuse for its more than one-year delay in moving to vacate the clerk's judgment (see HSBC Bank USA, N.A. v Miller, 121 AD3d 1044, 1046). The defendant's conclusory allegation of improper service does not constitute a reasonable excuse for its failure to appear or answer the complaint (see HSBC Bank USA, N.A. v Eliyahu, 170 AD3d 1130, 1131-1132).
The defendant also is not entitled to relief pursuant to CPLR 317. "CPLR 317 permits a defendant who has been served with a summons other than by personal delivery to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense" (Goldfarb v Zhukov, 145 AD3d 757, 758). Here, the plaintiff alleged that it served the defendant by way of service on the Secretary of State. Service on a corporation by delivering process to the Secretary of State is not personal delivery to the corporation or to an agent designated under CPLR 318 (see Rivera v Triangle Excavators of N.Y., LLC, 173 AD3d 1088, 1088). However, the mere denial by the defendant's president of receipt of service of the summons and complaint did not demonstrate that the defendant did not receive notice of the action in time to defend (see Taron Partners, LLC v McCormick, 173 AD3d 927, 929-930; Goldfarb v Zhukov, 145 AD3d at 758). In light of our determination, we need not reach the issue of whether the defendant has demonstrated the existence of a potentially meritorious defense for purposes of either CPLR 5015(a)(1) or CPLR 317 (see Goldfarb v Zhukov, 145 AD3d at 759).
However, the clerk did not have the authority to enter a judgment in the plaintiff's favor since the plaintiff's damages do not constitute a "sum certain" within the meaning of CPLR 3215(a) (see Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d 216, 224; Fidelity Natl. Tit. Ins. Co. v Valtech Research, Inc, 73 AD3d 686, 687).
The defendant's contention that the plaintiff knew at the time of service that the address listed for the defendant with the Secretary of State was no longer valid is raised for the first time in its reply brief on appeal and is not properly before this Court (see Daly v Kochanowicz, 67 AD3d 78, 92).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, although we agree with the Supreme Court's determination to deny that branch of the defendant's motion which was pursuant to CPLR 5015(a) and CPLR 317 to vacate its default, the court should have granted that branch of the defendant's motion which was, in effect, pursuant to CPLR 3215(a) to vacate the clerk's judgment. We therefore remit the matter to the Supreme Court, Kings County, for an inquest on damages and the entry of an appropriate judgment thereafter (see CPLR 3215[b]).
DILLON, J.P., DUFFY, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court