Andrews v Wartburg Receiver, LLC (2022 NY Slip Op 01980)





Andrews v Wartburg Receiver, LLC


2022 NY Slip Op 01980


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2019-11512
 (Index No. 507884/16)

[*1]Doris Gadsden Andrews, etc., appellant, 
v
Wartburg Receiver, LLC, et al., respondents, et al., defendants (and a third-party action).


Doolan Platt & Setareh, LLP, Irvington, NY (Jill B. Savedoff and Jason Platt of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (David Bloom of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated September 12, 2019. The order granted that branch of the motion of the defendants Wartburg Receiver, LLC, and Bushwick Center for Rehabilitation and Health Care which was to vacate an order of the same court (Gloria Dabiri, J.) dated March 24, 2017, granting the plaintiff's motion for leave to enter a default judgment against it.
ORDERED that the order dated September 12, 2019, is reversed, on the law, the facts, and in the exercise of discretion, with costs, and that branch of the motion of the defendants Wartburg Receiver, LLC, and Bushwick Center for Rehabilitation and Health Care which was to vacate the order dated March 24, 2017, is denied.
In May 2016, the plaintiff commenced this action against, among others, the defendants Wartburg Receiver, LLC, and Bushwick Center for Rehabilitation and Health Care (hereinafter together the Wartburg defendants), inter alia, to recover damages for wrongful death. The plaintiff served the Wartburg defendants by, inter alia, delivering a copy of the summons and complaint to the Secretary of State pursuant to Limited Liability Company Law § 303. After the Wartburg defendants failed to answer or appear, the plaintiff moved for leave to enter a default judgment against them. In an order dated March 24, 2017, the Supreme Court granted the plaintiff's motion. On or about April 17, 2017, the plaintiff served the Wartburg defendants with a copy of the order with notice of entry. On March 22, 2019, the Wartburg defendants moved, inter alia, pursuant to CPLR 317 and 5015(a)(1) to vacate the March 24, 2017 order granting the plaintiff's motion for leave to enter a default judgment. In the order appealed from, dated September 12, 2019, the court granted that branch of the Wartburg defendants' motion. The plaintiff appeals.
Pursuant to CPLR 317, a defaulting defendant that was "served with a summons, other than by personal delivery" may be permitted to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Progressive Cas. Ins. Co. v Excel Prods., Inc., 171 AD3d 812, 813). Service on a limited liability [*2]company by delivery of the pleadings to the Secretary of State does not constitute personal delivery (see Acqua Capital, LLC v 510 W. Boston Post Rd., LLC, 164 AD3d 1195, 1196). "The mere denial of receipt of the summons and complaint is not sufficient to establish lack of actual notice of the action in time to defend for the purpose of CPLR 317" (Goldfarb v Zhukov, 145 AD3d 757, 758; see Moran v Grand Slam Ventures, LLC, 160 AD3d 944, 945; Xio Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 726).
Here, the Wartburg defendants failed to establish lack of actual notice of the action in time to defend for purposes of CPLR 317. The affidavit of Moshe Blackstein, submitted by the Wartburg defendants in support of their motion, amounted to nothing more than a mere denial of receipt of the summons and complaint (see Goldfarb v Zhukov, 145 AD3d at 758; Xio Lou Li v China Cheung Gee Realty, LLC, 139 AD3d at 725-726). Moreover, the Wartburg defendants did not contend that the address it had on file with the Secretary of State was incorrect (see Goldfarb v Zhukov, 145 AD3d at 758; Xio Lou Li v China Cheung Gee Realty, LLC, 139 AD3d at 726).
Similarly, the Wartburg defendants' mere denial of receipt of the summons and complaint, without more, was insufficient to demonstrate a reasonable excuse for its default pursuant to CPLR 5015(a)(1) (see Goldfarb v Zhukov, 145 AD3d at 758; Xio Lou Li v China Cheung Gee Realty, LLC, 139 AD3d at 726).
In light of our determination, we need not reach the issue of whether the Wartburg defendants demonstrated the existence of a potentially meritorious defense for purposes of either CPLR 317 or CPLR 5015(a)(1) (see Xio Lou Li v China Cheung Gee Realty, LLC, 139 AD3d at 726).
Accordingly, the Supreme Court should have denied that branch of the Wartburg defendants' motion which was to vacate the March 24, 2017 order.
CONNOLLY, J.P., CHRISTOPHER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court