Deutsche Bank Natl. Trust Co. v Carnevale (2023 NY Slip Op 06118)

Deutsche Bank Natl. Trust Co. v Carnevale

2023 NY Slip Op 06118

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-08811
2021-08813
 (Index No. 714306/17)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Lynda Carnevale, et al., defendants.

Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz, Jackie Halpern Weinstein, and Danny Ramrattan of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered February 21, 2019, and (2) an order of the same court entered October 21, 2021. The order entered February 21, 2019, insofar as appealed from, denied those branches of the plaintiff's unopposed motion which were for leave to enter a default judgment against the defendant Lynda Carnevale and for an order of reference. The order entered October 21, 2021, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew those branches of its prior motion which were for leave to enter a default judgment against the defendant Lynda Carnevale and for an order of reference.
ORDERED that the order entered February 21, 2019, is reversed insofar as appealed from, on the law, without costs or disbursements, and those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Lynda Carnevale and for an order of reference are granted; and it is further,
ORDERED that the appeal from the order entered October 21, 2021, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order entered February 21, 2019.
In October 2017, the plaintiff commenced this action against the defendant Lynda Carnevale (hereinafter the defendant), among others, to foreclose a mortgage on real property located in Bayside. The defendant failed to answer the complaint. In August 2018, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. In support of the motion, the plaintiff submitted, among other things, a notice of appearance dated June 19, 2018, filed by an attorney representing the defendant. The defendant did not oppose the motion. In an order entered February 21, 2019, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, finding that the affidavit of service filed with the court may have omitted a part of the defendant's mailing address. Thereafter, the plaintiff moved, among other things, for leave to renew those branches of its prior motion which were for leave to enter a default judgment against the defendant and for an order of reference. In an order entered October 21, 2021, the court, inter alia, denied that branch of the plaintiff's motion which was for leave to renew. The plaintiff appeals from both orders.
The Supreme Court should not have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference based upon a finding that the plaintiff failed to show that the defendant was properly served. The defendant filed a notice of appearance in the action, which is "equivalent to personal service of the summons upon [her], unless an objection to jurisdiction under [CPLR 3211(a)(8)] is asserted by motion or in the answer as provided in [CPLR] 3211" (CPLR 320[b]; see Mid-Island Mtge. Corp. v Johnson, 175 AD3d 490, 491-492). The defendant did not oppose the plaintiff's motion on any ground, including lack of personal jurisdiction, and did not otherwise object to jurisdiction in an answer or motion to dismiss (see Mid-Island Mtge. Corp. v Johnson, 175 AD3d at 491-492). Therefore, the court should not have, sua sponte, raised the issue of propriety of service (see DLJ Mtge. Capital, Inc. v Ramnarine, 177 AD3d 854, 855), and should have granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference.
In light of our determination, the plaintiff's remaining contentions have been rendered academic.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court