Wilmington Sav. Fund Socy., FSB v Cabadiana (2024 NY Slip Op 04343)

Wilmington Sav. Fund Socy., FSB v Cabadiana

2024 NY Slip Op 04343

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-05184
 (Index No. 714986/19)

[*1]Wilmington Savings Fund Society, FSB, etc., plaintiff, 
v
Kimberly Cabadiana, et al., respondents, et al., defendants; Carisbrook Asset Holding Trust, nonparty-appellant.

Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for nonparty-appellant.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Carisbrook Asset Holding Trust appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered May 31, 2022. The order, insofar as appealed from, granted those branches of the motion of the defendants Kimberly Cabadiana and Washington Cabadiana which were pursuant to CPLR 317 and 5015(a)(1) to vacate an order of reference of the same court dated January 31, 2022, issued upon their failure to appear or answer the complaint, and pursuant to CPLR 3012(d) for leave to serve a late answer.
ORDERED that the order is reversed insofar as appealed from, with costs, and those branches of the motion of the defendants Kimberly Cabadiana and Washington Cabadiana which were pursuant to CPLR 317 and 5015(a)(1) to vacate the order of reference dated January 31, 2022, issued upon their failure to appear or answer the complaint, and pursuant to CPLR 3012(d) for leave to serve a late answer are denied.
On June 22, 2007, the defendant Kimberly Cabadiana executed a note in the amount of $536,000 in favor of GreenPoint Mortgage Funding, Inc., which was secured by a mortgage on certain real property located in Queens. The mortgage was signed by both Kimberly Cabadiana and the defendant Washington Cabadiana (hereinafter together the defendants). In August 2019, Carisbrook Asset Holding Trust (hereinafter Carisbrook), as the holder of the note and mortgage, commenced this action to foreclose the mortgage. Upon the defendants' failure to appear or answer the complaint, the Supreme Court issued an order of reference dated January 31, 2022.
In February 2022, the defendants moved pursuant to CPLR 5015(a)(4) to vacate the order of reference and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction or, in the alternative, pursuant to CPLR 317 and 5015(a)(1) to vacate the order of reference and pursuant to CPLR 3012(d) for leave to serve a late answer. With respect to that branch of the motion which was pursuant to CPLR 5015(a)(1), the only excuse proffered by the defendants was that they were not properly served with the summons and complaint. In an order entered May 31, 2022, the Supreme Court denied that branch of the defendants' motion which was pursuant to CPLR 5015(a)(4) to vacate the order of reference and [*2]pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction on the ground that "the defendants' protestations of not being advised of this action and of improper service are contrary to the evidence." However, the court granted those branches of the defendants' motion which were pursuant to CPLR 317 and 5015(a)(1) to vacate the order of reference and pursuant to CPLR 3012(d) for leave to serve a late answer. Carisbrook appeals.
"A defendant seeking to vacate a default in answering a complaint on the basis of excusable default (see CPLR 5015[a][1]) and to compel the plaintiff to accept an untimely answer (see CPLR 3012[d]) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (Deutsche Bank Natl Trust Co. v Benitez, 179 AD3d 891, 893; see US Bank N.A. v Dedomenico, 162 AD3d 962, 964). Here, the defendants were not entitled to relief pursuant to CPLR 5015(a)(1) and CPLR 3012(d), as they failed to demonstrate a reasonable excuse for their default (see Bank of N.Y. v Krausz, 144 AD3d 718; Ultimate One Distrib. Corp. v 2900 Stillwell Ave., LLC, 140 AD3d 1054).
The defendants also were not entitled to relief pursuant to CPLR 317. "CPLR 317 permits a defendant who has been served with a summons other than by personal delivery to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense" (Goldfarb v Zhukov, 145 AD3d 757, 758; see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141). Here, the defendants' bare and unsubstantiated denials of receipt of the summons and complaint were insufficient to establish that they did not receive actual notice of the summons in time to defend the action pursuant to CPLR 317 (see Greenwood Realty Co. v Katz, 187 AD3d 1153; Clover M. Barrett, P.C. v Gordon, 90 AD3d 973, 973-974).
In light of our determination, it is unnecessary to determine whether the defendants demonstrated the existence of a potentially meritorious defense for purposes of either CPLR 317 or 5015(a)(1) (see Andrews v Wartburg Receiver, LLC, 203 AD3d 1000, 1001).
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were pursuant to CPLR 317 and 5015(a)(1) to vacate the order of reference and pursuant to CPLR 3012(d) for leave to serve a late answer.
CONNOLLY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court