Grant v City of Mount Vernon (2025 NY Slip Op 03179)

Grant v City of Mount Vernon

2025 NY Slip Op 03179

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2023-08731
 (Index No. 70188/19)

[*1]Darlene Grant, respondent, 
v
City of Mount Vernon, et al., defendants, 211 West Third Street Realty Corp., appellant.

Rodman and Campbell, P.C. (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellant.
Gash & Associates, P.C. (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 211 West Third Street Realty Corp. appeals from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated August 10, 2023. The order, insofar as appealed from, denied that defendant's motion, inter alia, in effect, pursuant to CPLR 317 to vacate an order of the same court (James W. Hubert, J.) dated February 24, 2021, granting the plaintiff's motion for leave to enter a default judgment against it, and pursuant to CPLR 3012(d) for leave to serve a late answer.
ORDERED that the order dated August 10, 2023, is affirmed insofar as appealed from, with costs.
On November 9, 2018, the plaintiff allegedly was injured when she tripped and fell on a sidewalk adjacent to certain property owned by the defendant 211 West Third Street Realty Corp. (hereinafter the defendant). In December 2019, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant. In January 2020, the plaintiff served the defendant pursuant to Business Corporation Law § 306 by delivering copies of the summons and complaint to the Secretary of State. The defendant failed to timely appear or answer the complaint.
In June 2020, the plaintiff moved for leave to enter a default judgment against the defendant. In an order dated February 24, 2021, the Supreme Court granted the plaintiff's motion. In July 2023, the defendant moved, inter alia, in effect, pursuant to CPLR 317 to vacate the order dated February 24, 2021, and pursuant to CPLR 3012(d) for leave to serve a late answer. In an order dated August 10, 2023, the court denied the defendant's motion. The defendant appeals.
"'CPLR 317 permits a defendant who has been served with a summons other than by personal delivery to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense'" (Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 892-893, quoting Goldfarb v Zhukov, 145 AD3d 757, 758). However, a defendant's "'mere denial of receipt of the summons and [*2]complaint is not sufficient to establish lack of actual notice of the action in time to defend for the purpose of CPLR 317'" (id. at 893, quoting Goldfarb v Zhukov, 145 AD3d at 758).
Here, the submissions in support of the defendant's motion were insufficient to demonstrate that it did not receive actual notice of the summons and complaint in time to defend the action (see Beltran v New York City Hous. Auth., 206 AD3d 873, 874). The affidavit of the defendant's president, Leroy Mitchell, amounted to nothing more than a mere denial of receipt of the summons and complaint, and the defendant did not claim that the address it had on file with the Secretary of State was incorrect (see Andrews v Wartburg Receiver, LLC, 203 AD3d 1000, 1001; Goldfarb v Zhukov, 145 AD3d at 758). Consequently, the defendant failed to meet its threshold burden of showing that it never received actual notice of the summons and complaint in time to defend the action and, thus, we need not consider whether the defendant demonstrated the existence of a potentially meritorious defense (see U.S. Rof III Legal Tit. Trust 2015-1 v John, 189 AD3d 1645, 1650-1651).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant's motion, inter alia, in effect, pursuant to CPLR 317 to vacate the order dated February 24, 2021, and pursuant to CPLR 3012(d) for leave to serve a late answer.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court