Matter of Shau Chung Hu v Lowbet Realty Corp.

2026 NY Slip Op 02659

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Shau Chung Hu, petitioner/ plaintiff-respondent,

v

Lowbet Realty Corp., et al., respondents/defendants, Margaret Liu, respondent/defendant-appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2021-00435, (Index No. 22533/11)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Lourdes M. Ventura, JJ.

Oliver Zhou, Brooklyn, NY, for respondent/defendant-appellant.

Bressler, Amery & Ross, P.C., New York, NY (David H. Pikus of counsel), for petitioner/plaintiff-respondent.

[*1]

DECISION & ORDER

In a hybrid proceeding, inter alia, pursuant to Business Corporation Law article 11 and action, among other things, for rescission of the sale of real property, the respondent/defendant Margaret Liu appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated December 1, 2020. The order denied the motion of the respondent/defendant Margaret Liu pursuant to CPLR 317 and 5015(a)(1) to vacate a judgment of the same court (Sylvia Ash, J.) dated November 21, 2018, which is in favor of the petitioner/plaintiff and against the respondent/defendant Margaret Liu in the sum of $1,480,636.50.

ORDERED that the order is affirmed, with costs.

Shau Chung Hu (hereinafter the petitioner) commenced this hybrid proceeding and action seeking, inter alia, a declaration that he owns a 75% interest in Lowbet Realty Corp. (hereinafter Lowbet), the sole asset of which was an apartment building located at 973 44th Street in Brooklyn, to wind up Lowbet's affairs, and to rescind the sale of the property predicated on fraud (see Matter of Shau Chung Hu v Lowbet Realty Corp., 161 AD3d 986, 987). Margaret Liu (hereinafter the appellant) appeared in this matter and, among other things, opposed the petition/complaint, but subsequently stopped participating in the litigation. Thereafter, a default judgment dated November 21, 2018, was issued in favor of the petitioner and against the appellant in the sum of $1,480,636.50 (hereinafter the 2018 judgment). In June 2020, the appellant moved pursuant to CPLR 317 and 5015(a)(1) to vacate the 2018 judgment. By order dated December 1, 2020, the Supreme Court denied the appellant's motion. This appeal ensued.

Generally, a "'defendant seeking to vacate a default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense'" (Nico v Olajitan, 229 AD3d 561, 562, quoting Barnett v Diamond Fin. Co., Inc., 202 AD3d 651, 652). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (Codrington v Churcher, 209 AD3d 626, 627; see Nico v Olajitan, 229 AD3d at 562). "A motion to vacate a default judgment pursuant to CPLR 5015(a)(1) on the ground of excusable default must be made within one year after service upon the moving party of a copy of the judgment, with notice of its entry" (Barnett v Diamond Fin. Co., Inc., 202 AD3d at 652; see CPLR 5015[a][1]).

Here, that branch of the appellant's motion which was pursuant to CPLR 5015(a)(1) [*2]to vacate the 2018 judgment was untimely, as it was made more than one year after a copy of the 2018 judgment was served upon the appellant with notice of entry (see Nurhan v Harley, 237 AD3d 728, 731). In any event, the appellant's contention that her default was excused because she was not personally served with the petition/complaint is without merit. The appellant filed a notice of appearance in the hybrid proceeding and action, "which is 'equivalent to personal service of the summons upon [her], unless an objection to jurisdiction under [CPLR 3211(a)(8)] is asserted by motion or in the answer as provided in [CPLR] 3211'" (Deutsche Bank Natl. Tr. Co. v Carnevale, 221 AD3d 963, 964, quoting CPLR 320[b]; see Yihye v Blumenberg, 260 AD2d 371, 371-372). Here, the appellant failed to dispute jurisdiction prior to filing the instant motion to vacate the 2018 judgment. Since the appellant failed to demonstrate a reasonable excuse for her default, this Court need not consider whether she demonstrated the existence of any potentially meritorious defenses (see HSBC Bank USA, N.A. v Scivoletti, 212 AD3d 600, 603). Therefore, the Supreme Court properly denied that branch of the appellant's motion which was pursuant to CPLR 5015(a)(1) to vacate the 2018 judgment.

Likewise, the appellant was not entitled to relief pursuant to CPLR 317, as the appellant appeared in this hybrid proceeding and action (see Chondrite Asset Trust v 34 Drive Corp., 240 AD3d 657, 658; JPMorgan Chase Bank, N.A. v Dewar, 239 AD3d 718, 721). Thus, the Supreme Court properly denied that branch of the appellant's motion which was pursuant to CPLR 317 to vacate the 2018 judgment.

The appellant's remaining contentions are either without merit or not properly before this Court.

GENOVESI, J.P., CHRISTOPHER, WAN and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court